## BOGAN v. CALDWELL BROS. & HART et al.
### No. 1905.

Court of Appeal of Louisiana.
First Circuit.
Nov. 17, 1938.

Taylor, Porter & Brooks and C. W. Phillips, all of Baton Rouge, for appellants.

Fred G. Benton, of Baton Rouge, for appellee.

LeBLANC, Judge.

This is a suit for damages to his automobile brought by the plaintiff, C. J. Bogan, against the defendants Caldwell Brothers and Hart and their insurer, the New Amsterdam Casualty Company for the sum of $159.

The accident which gave rise to the plaintiff's suit occurred at about 5 o'clock in the morning of June 24, 1936 at the intersection of Jefferson and Texas streets, outside of the city limits of the City of Baton Rouge, and within the limits of the Sixth Ward of the Parish of East Baton Rouge.

On the morning of the accident, the plaintiff who had intended to go on a fishing trip left his home early to go get the family cook who resided in the neighborhood where the collision took place. He was driving east on Jefferson street in his Oldsmobile Sedan automobile. A truck belonging to the defendants Caldwell Bros. and Hart, which is called a "Pick-up Truck", was being driven south on Texas street by one of their employees Bennie Brashears.

In his petition the plaintiff alleges that he was driving not in excess of 20 or 25 miles per hour and that as he came to the intersection referred to, he looked in both directions on Texas street and saw no car approaching from either side, and that although his vision to the north was somewhat obstructed by a store building on the northwest corner he could see a reasonable distance and that at the time he looked the truck which afterwards collided with his car was not within the line of his vision. He alleges further that he reached the intersection ahead of the truck and thereby pre-empted the right of way, and as it was not in sight he proceeded across Texas street and had brought his car to a point about the center of that street, when suddenly and without warning the truck being driven at a speed of more than 40 miles per hour came headlong into the intersection on its left or wrong side of the street. He avers that when he saw the truck it was too late to avert the collision but nevertheless he did all in his power to minimize its effects, and by jerking his car as far as possible to the right he managed to keep it partially out of the path of the truck and thereby caused the impact to be restricted between the left front fender of his car and the right front fender of the truck. He charges the driver of the truck with negligence in running at a grossly excessive rate of speed and in entering the intersection on the wrong side of the street after it had been pre-empted, and in failing to observe the right of way which he, plaintiff, had obtained by virtue of such pre-emption.

415

The defendants filed a joint answer in which they deny the negligence charged against the driver of the truck but aver on the contrary that he was going at a speed of 20 miles per hour, traveling on the right side of the street and that he blew his horn at the intersection, looked in both directions on Jefferson street and having observed no vehicle within the proximity of the intersection which might interfere with his crossing, proceeded on his way and that just as he entered or was about to enter the intersection he noticed plaintiff's car for the first time approaching at a rapid rate of speed. He avers that he continued to blow his horn and applied his brakes immediately, at the same time swerving his truck to the left in an effort to avoid the impending collision but that despite all of these efforts it was impossible for him to do so. They aver that the accident and resulting damage was in no way due to any fault or negligence on the part of the driver of the truck but solely to the gross carelessness and negligence of the plaintiff in driving at an excessive rate of speed and without proper lookout and in failing to recognize the superior right of the truck driver to proceed across the intersection after he had entered the same. In the alternative the defendants plead contributory negligence as a bar to plaintiff's right to recover and as a further alternative, they plead that he had the last clear chance to avoid the collision.

Without assigning any written reasons therefor the district judge rendered judgment in favor of the plaintiff for the amount prayed for by him whereupon both defendants took the present appeal.

The testimony in the case is rather positive that the collision occurred in the southeast corner of the intersection and that after the impact, whereas the plaintiff's car came to an almost abrupt stop facing almost directly south, the truck continued after having been veered by its driver toward the southeast some 30 or 40 feet running across a shallow ditch and through a small fence and finally coming to rest in the center of a vacant lot on that corner of the intersection. This to our mind would indicate two things. First, that the truck could not have been going at the rate of 10 or 15 miles as testified to by the driver but necessarily must have been traveling at a rather excessive rate of speed and, secondly, that it was being driven on its left or wrong side of the street within the intersection. These are facts which point strongly to the negligence of the truck driver and indeed, as we understand the contention of the defendants, his negligence is not now seriously disputed as they rely principally on their plea of contributory negligence against the plaintiff in resisting the demand made against them.

The serious point made under that plea is that the plaintiff who although saying that he looked in both directions on Texas street before entering the intersection for oncoming traffic, admits that he did not see the truck approaching from the north and that as the law holds him to the duty of having seen and taken the necessary precautions in view of its approach, he was negligent in not bringing his car under proper control in order to avoid the collision.

In order to decide the plea of contributory negligence it is highly important to determine which of the two vehicles had the right of way. Neither street enjoys the right over the other under the law. The location as we have already stated was outside of the limits of the City of Baton Rouge and under the State Highway Regulatory Act, Act No. 21 of 1932, neither had any advantage over the other as a street. Resort must be had therefore to some other provisions in the law and also to the facts having to do with pre-empting the intersection. Under both of these considerations we are of the opinion that the plaintiff enjoyed the right of way. Under the highway statute where neither of two intersecting streets or highways is given the right of way over the other, the rule is that the vehicle approaching the intersection from the right has the right of way over that approaching it from the left. Under that rule the plaintiff enjoyed the greater right because he was approaching the intersection from the west or from the truck driver's right as against the latter who was approaching it from the north or from plaintiff's left. The plaintiff testified that he was driving at a speed of approximately 25 miles per hour. As already indicated the truck was going at a rate of speed considerably in excess of that at which plaintiff was traveling. It naturally took the plaintiff more time to reach the point of collision in the intersection than it did the driver of the truck, and as the impact took place in

**416**

the southeast corner, we are satisfied that the plaintiff's car was the first to enter the intersection and he had for that reason also obtained the right of way by preemption.

Having obtained this superior advantage over the truck, plaintiff had the right to assume that the driver of that vehicle would recognize his right of way and permit him to safely negotiate the intersection. Under the circumstances his failure to have seen the truck before it was practically on him, as he admits, cannot be said to have been the proximate or even a contributing cause to the accident. He had taken all the usual precautions before entering the intersection such as sounding his horn and looking in both directions on Texas Street, and there being no traffic within range of his vision, he proceeded across. His failure to have seen the truck before he was actually within the intersection cannot be attributed to any lack of attention on his part, but rather as he states, to the rate of speed at which it was going and which is indicated by its continued movement following the impact.

The carelessness and negligence of the truck driver was no doubt held by the trial judge to have been the sole and proximate cause of the accident. As we have already stated, the judge did not hand down written reasons for judgment but he necessarily had to conclude that the plaintiff's failure to have seen the truck before the time he says he did, did not constitute such negligence on his part as to bar his recovery under the plea of contributory negligence. That conclusion had to rest entirely on the determination of a question of fact and under the rule which accords such great weight to the findings of the trial judge on such questions, we find ourselves unable to disturb the holding in this case.

The amount of damages claimed is not disputed nor is the liability of the defendant Caldwell Brothers and Hart as the employer, and of the consequent liability of their insurer for the negligence of the truck driver an issue in the case.

For the reasons stated it is therefore ordered that the judgment appealed from be affirmed at the costs of the defendants, appellants.