**RUSSEL v. REED.**

**No. 2051.**

Court of Appeal of Louisiana. First Circuit.

Dec. 20, 1939.

O. E. Guillory, of Ville Platte, for appellants.

Atlee P. Steckler, of Ville Platte, for appellee.

DORE, Judge.

This case involves the ownership of two mules of the value of about $150. The plaintiff claims the ownership thereof and. avers that on or about the 23d day of February, 1935, he loaned the same to Estellie Granger in order to enable the said Granger to cultivate plaintiff's land and to make a crop of rice, on the basis of a share tenant on halves, for the year 1935 and from year to year thereafter; that he has recently discovered that the said Granger, without any authority from him, purportedly sold the mules placed in his possession and custody to his brother-in-law, the defendant herein, for a purported consideration of $250, the defendant then well knowing the same to be the property of plaintiff and not that of Granger; that upon being informed of the purported sale, he made demand upon the defendant for the return of the mules,. but to no avail. After making allegation to the effect that it was within the power of defendant to dispose of the mules during pendency of the suit, plaintiff averred that a writ of sequestration was necessary, and prayed therefor, and upon furnishing his affidavit and bond as required by law, and upon proper order, a writ of sequestration was duly issued and the mules sequestered.

The defendant, after bonding the sequestration and obtaining the release of the mules thereunder, filed a motion to dissolve the sequestration on the ground that the affidavit made by plaintiff, relative to the ownership of the mules and upon which the writ of sequestration issued, was untrue and false and unfounded. This motion to dissolve was referred to the merits.

Defendant, with full reservation of his rights under the motion to dissolve the writ of sequestration, in answer, denied that the plaintiff was the owner of the mules and averred that he, defendant, had acquired the mules in good faith from Granger for a cash consideration of $250, Granger being in possession of the mules for a period of more than three years; and because of such possession, the defendant interposed the plea of three years' prescription acquirendi causa. Defendant reconvened for damages against plaintiff in the sum of $60 because of the alleged wrongful seizure of the mules. Defendant called Granger, the purported vendor of the mules, in warranty. Granger did not answer the call and a default was entered against him.

Upon trial of the case, judgment was rendered in favor of the plaintiff, decreeing him to be the owner of the mules and ordering the defendant to deliver possession of the mules to him. There was also judgment in favor of defendant against Granger on the call in warranty for the price purportedly paid for the mules by defendant to Granger. Defendant and the purported warrantor, Granger, have appealed.

■ Although the minutes show that the motion for the appeal is a joint one for both defendant, Reed, and Granger, and the bond for such appeal is also a joint one, yet Granger has not filed a brief or made an appearance in this court, and his appeal will therefore be treated as abandoned.

From the argument and brief submitted by the appellant Reed, we are called upon to review the judgment of the lower court only as to the correctness of the adjudication as to ownership of the mules, and the resultant damage in the event of the wrongful issuance of the writ of sequestration. All other questions raised by the pleadings have passed out of the case.

Plaintiff claims the ownership of the mules under the following facts and circumstances: In the year 1934, Granger had an agreement with plaintiff wherein Granger was to clear and cultivate some land for plaintiff in the making of a rice crop, and this agreement was to continue through the year 1935, on the share basis of one half of the proceeds of the crop. A pair of mules was necessary for the clearance and cultivation of the land. Upon request of Granger, plaintiff purchased the mules in contest in February, 1935, from a Mr. McCauley for $150, and loaned them to Granger.

It is the contention of plaintiff that he did not sell the mules to Granger; that in the settlement in the fall of 1935, the mules were not considered; that the agreement for 1935 was to be continued from year to year, and therefore Granger retained the possession of the mules; that, in the early part of 1938, he was informed that Granger had supposedly sold the mules, in the fall of 1937, for a purported cash consideration of $250, to his brother-in-law Reed, the defendant herein. Upon being so informed, and after demand for possession of the mules and refusal thereof, he resorted to the writ of sequestration.

Granger, the purported vendor of the mules to defendant Reed, contends that plaintiff purchased the mules for him in the fall of 1934 and charged him $150, which amount was carried in his account with plaintiff for the year 1935, the same being settled in the fall of 1935. In support of this contention, defendant filed a memorandum ("D–A") containing some figures admittedly in plaintiff's handwriting showing some thirteen items which total the sum of $189.36, from which is deducted the sum of $110.37, leaving a balance due of $79. On the right hand side of this sheet there are three items, viz.: $100, $150 and $79, totalling the sum of $329. Granger contends that this is the entire amount which he owed plaintiff in the fall of 1935, including the purchase price of the mules, and that this balance was reduced to the sum of $100, by application of $129 from his cotton crop and $100 from his rice crop, and which balance was covered by a note which he signed and which is still outstanding. Against this, we have the testimony of plaintiff to the effect that after the crops, i. e., the rice and cotton, of 1935 were gathered and sold, there remained a balance due of some $75 or $78, and Granger requested to retain some of the proceeds sufficient to make an even $100, for which he gave his note, and which note was still outstanding at the time of trial.

■ The question at issue is one solely of facts, which was determined in favor of the plaintiff by the trial judge, and unless we can find manifest error in his conclusion it is incumbent upon us to affirm it.

■ It is our observation from a review of the evidence that Granger was a share tenant, on halves, of plaintiff for the year 1935 and the following years, and that the defendant was a brother-in-law of Granger; that his witness, Joseph Devillier, who was also surety on the appeal bond for both defendant and Granger, is also a brother-in-law of both defendant and Granger.

It is also a significant fact that Granger prepared a schedule in bankruptcy in January, 1935, in which he omitted claiming the ownership of the mules in contest regardless of the fact that plaintiff was presumed, according to Granger's testimony, to have purchased the same for him in the fall of 1934, and charged him, Granger, for the same. We further note that on October 9, 1935, Granger again swore that his schedules "A" and "B" correctly reflected all of his debts or liabilities and all

of his assets then owned by him, and again the mules in contest were omitted. The bankruptcy proceedings were filed on October 14, 1935, and, at that time, it is to be noted that Granger does not list any crops, rice or cotton, as forming any part of his assets; but on the bankruptcy schedule he does carry plaintiff as a creditor to the amount of $100 as of the year 1934. It must, then, be presumed from the evidence that the settlement of which Granger speaks was had prior to October 14, 1935; and that at that time, he, Granger, was not the owner of the mules.

Suffice it to say, however, that after a thorough examination of the record, while we find some conflict in the evidence, we cannot point to any manifest error committed by the trial judge, and, therefore, the judgment appealed from is affirmed.