This is a suit on account, brought by plaintiff, Coca-Cola Bottling Company, Inc., against three defendants, Mrs. Sallybob Williams, Rubin Latham and the Estate of P.C. Alexander.
There was judgment in favor of plaintiff and against the Estate of Alexander and Mrs. Sallybob Williams, plaintiff not having pressed its claim against Latham to judgment. From such judgment Mrs. Sallybob Williams alone prosecutes this appeal.
Plaintiff's suit is based upon claim in the total sum of $1,012.05, with legal interest from May 1, 1941, until paid, which amount represents a balance due for coca-cola and soft drinks, services and equipment sold, furnished and delivered to the three defendants trader the provisions of a written contract and agreement between plaintiff and the three defendants.
The contract, dated the 27th day of January, 1941, was executed by Rubin Latham, Mrs. Sallybob Williams and P.C. Alexander on the one part, and the Coca-Cola Bottling Company, Inc., represented by Mrs. H.A. Cook, President, on the other part. The contract sets up that Latham, Mrs. Williams and Alexander are joint owners of the soft drink concession on the construction grounds of Camp Polk, Vernon Parish, and stipulates by its terms certain reciprocal agreements between the parties to the instrument.
The contract is not denied; neither is the correctness of the account sued upon, but the defendant, Mrs Williams, contends that she was released from liability on the contract by a representative of the Coca-Cola Company.
An exception of no cause or right of action was filed by defendant, and overruled, but upon closing of plaintiff's case, counsel for the defendant, Mrs. Williams, dictated into the record art exception to plaintiff's petition and the evidence adduced in support of the allegations thereof on the ground that the same disclosed no cause or right of action, and in brief, as well as oral argument before this Court, counsel for the defendant, Mrs. Williams, urges this exception.
We find that the issue in this case is purely one of fact. The defendant, Mrs. Williams, claiming her release from liability *Page 320 
under the contract with plaintiff, must sustain the burden of proving the release. This is an affirmative defense necessitating proof by the defendant and we do not think that such a point can be properly reached and determined by exception. For that reason we conclude that the exception was properly overruled.
As to the merits of the defense, there is surprisingly little conflict in the testimony of witnesses for both plaintiff and defendant. The testimony develops the fact that, sometime about the last of February, Latham and Mrs. Williams informed one O.P. Gimbert that they would no longer be responsible for payment of charges incurred under the contract.
It is significant that the original contract was drawn at the instigation of the defendants, and was signed by the President of the Coca-Cola Bottling Company at Natchitoches, yet when Latham and Mrs. Williams decided to terminate their liability under the contract they talked to Mr. Gimbert at Leesville.
There is no question from the record in this case as to Gimbert's status with the Coca-Cola Company. He was the sales manager of the Company in the Leesville-Camp Polk vicinity, and there is nowhere any evidence to the effect that he was authorized to make, alter or amend contracts entered into on behalf of the Company. Without entering into the discussion of the law of agency, we think that this matter was decided upon a question of fact by the District Judge, who clearly and concisely expressed the real point involved in the case in his written opinion when he said: "The evidence as a whole must be considered to determine if the conversation had with Mr. Gimbert was such to terminate the written contract between the parties, and if there was a new contract substituted in its place."
We quite agree with the finding of the District Judge in his examination of this question since he determined that there was no evidence upon which to predicate the fact that Gimbert either had the authority to release the defendants or some of them, or that, as a matter of fact, he ever intended to do so.
The record is conclusive to the effect that Gimbert denied any authority, and further denied any intention of releasing Latham and Mrs. Williams from their obligations under the contract. The only showing on behalf of the defendants is the thoroughly inconclusive inference that Gimbert release them from the contract. There is nothing either in the testimony of Gimbert or Mrs. Williams which would justify such an inference. Latham did not testify on trial of the case.
It is our opinion that the merit of the contention made by the appellant, Mrs. Sallybob Williams, is purely a question of fact dependent upon the evidence in the record. The trial Judge observed the witnesses as they testified and drew what we feel to be the correct conclusions. We find no manifest error in the findings of our learned brother below.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.