The plaintiff, V. John Lopreore, brought this suit against New Orleans Public Service, Inc., to recover damages for the personal injuries sustained by his two-year-old child as the result of an accident occurring on July 5, 1944, at about eight a.m., in front of his residence on St. Claude Street where the infant was either struck by or ran into the side of defendant's moving truck which was being driven in the middle of the roadway. Plaintiff charges that the truck driver was guilty of negligence in that he was operating the truck at an excessive rate of speed; that he did not have the vehicle under control so as to permit him to stop at the time he saw or should have seen the little boy crossing the street and that he failed to keep a proper lookout for pedestrians within the vicinity of the accident.
Defendant denies any liability for the mishap, setting forth that its employee was free from negligence. It avers that the accident was due exclusively to the sudden emergence of the child into the street from behind the front of a parked automobile and that the driver of the truck was unable to avoid contact with the child notwithstanding his alertness and the efficient application of his brakes.
After a trial, the District Judge, being convinced by the evidence that the defendant was without fault, dismissed plaintiff's suit. Hence this appeal.
The accident took place in the middle of the roadway of St. Claude Street in the square bounded by Kelerec and Columbus Streets. St. Claude Street is a paved one-way thoroughfare running downtown from Esplanade Avenue. The roadway is about twenty-six feet wide. Plaintiff lives on the right hand side of the street, occupying the uptown half of a double house situated approximately seventy-five feet from the corner of Columbus Street.
Defendant's version of the accident, according to the testimony of the truck driver, George Winborn, is as follows: That he, accompanied by his helper, Rudolph Mayer, was driving defendant's truck down St. Claude Street in the direction of St. Bernard Avenue at a speed of between twelve and fifteen miles per hour; that it was a bright day and the roadway was clear; that he saw an automobile parked in front of plaintiff's house; that, just as he was passing this parked automobile, he glanced to his right and, upon observing a small moving object which had suddenly emerged from behind the front of the parked automobile into the roadway, he immediately applied his brakes and came to a sudden stop; that, after dismounting from the truck, he ascertained that the moving object was plaintiff's infant child who was lying in the roadway near the right rear wheel of the truck and that he did not know that the object he had seen was a child until after the accident. He further says that, as soon as he saw the moving object, he immediately applied his brakes and remarked to his helper "what was that" and that he was wholly unaware of the presence of the child within the vicinity of the roadway prior to the occurrence.
Winborn's testimony is corroborated in all particulars by Mayer, the helper on the truck, who states that he did not see the child until Winborn remarked "what was that" and that he then looked to his right and obtained a momentary glimpse of the little boy who had emerged from around the front end of the parked automobile. *Page 739 
Winborn and Mayer are the only two eyewitnesses to the accident. Although plaintiff produced three witnesses who attempted to sustain his theory that the little child should have been observed by the truck driver prior to the time it came into the roadway as the child did not suddenly appear from behind the front of the parked automobile which obstructed the truck driver's vision of it, none of these witnesses actually saw the collision nor did they see the child in the roadway prior thereto. Plaintiff's witnesses were George Caliostre, an old man who has lived for many years in plaintiff's home, Miss Mary Louise Lopreore, plaintiff's daughter, and a colored man named Roy Moliere who has resided across the street from plaintiff for approximately seven years.
Caliostre says that he and Miss Lopreore were sitting on plaintiff's front steps on the morning of the accident; that the infant came out of the house next door and walked towards the street; that his attention was diverted from the child and that, for this reason, he did not see it enter the roadway. He further testifies that he saw defendant's truck; that the truck driver and helper were talking to each other and that the parked automobile was not positioned in front of plaintiff's house but further toward Kelerec Street.
Miss Lopreore's testimony is of the same tenor. She states that her little brother came out of the house next door; that he was playing on the front steps of that house and that she was manicuring her nails and did not see the child enter the street.
Moliere states that he observed the child on the sidewalk but did not see him go into the roadway and that his vision of the accident was obstructed by the passing of defendant's truck.
The evidence of plaintiff's witnesses, if taken alone, is far too uncertain to make out a case of liability — for, while they obviously did their best to make it appear that the little child was in a position where he could or should have been observed by the driver as the latter approached the point of contact, their statements cannot be accorded such weight as there is a gap or interval in the sequence of the events which followed during which they admittedly are unable to account for the movements of the child.
Moreover, when consideration is given to the testimony of defendant's witnesses, it seems clear that the accident happened substantially in the manner and under the con-conditions set forth by them. A two-year-old infant cannot walk or run fast. If it was on the sidewalk, unscreened from view of the truck driver by the presence of the parked automobile, it is not likely that it could have gotten into the roadway without being noticed by the truck driver who was proceeding at a cautious rate of speed. But, if the child was playing in the street in close proximity to the front bumper of the parked automobile, it is wholly possible and probable that he suddenly emerged from behind the front of the parked car without prior notice to anyone in the truck. The testimony of the truck driver and his helper to this effect stands unimpeached. The District Judge thought that they were telling the truth and we not only fail to detect manifest error in his conclusion on this question of fact but believe that it is in full accord with the reasonable probabilities of the case.
[1, 2] Counsel for both sides have submitted a number of authorities in support of their respective contentions. We find it unnecessary to discuss these adjudications as they merely follow the general rule of reason and common sense applicable to all negligence cases — that is, in determining whether the driver of a motor vehicle has exercised due care in any cause, his conduct is to be gauged in connection with the particular conditions and circumstances which are presented to him at the time of the accident and that the speed at which he is driving, the control he maintains over his vehicle and the alertness of his observation must reasonably conform at all times to the surrounding traffic conditions. Applying this simple rule to the case at bar, there can be but one result and that is that the evidence falls far short of demonstrating that the truck driver was guilty of negligence.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 740