DORÉ, Judge.
In this case, plaintiff alleges that he is the owner of three head of cows, each about five years old, together with the calves of said cows, which said cows are more particularly described as one brindle cow, one yellow cow and one muley head cow; he alleges that the said cows were acquired by him when they were mere calves from W. J. Hall and each cow was branded and marked some four years ago by the brand and mark he was then using, being number “11” on the right hip, under “7” cut out of the right ear and two splits in the -left ear; that in the fall of the year 1947, the exact date being unknown, the' said cows strayed or were stolen and when he next saw the cows, they were in the pasture of the defendant, Hollis J. Munson.
He further alleges that as soon as he had information that the cows were in defendant’s pasture, which was sometime in the spring of 1948, he informed the defendant of that fact and requested permission of defendant to remove them therefrom. The defendant thereupon promised him that he would look into the matter and let him know about the cows; that, after waiting several months, he again called on the defendant and asked about the cows and again the defendant put him off by promising that he would attend to the matter shortly when defendant had to round up his cattle.
He further alleges that, finally, during the first part of May 1950, he went to the defendant and insisted- that he be permitted to go on the defendant’s property, in order to. see about the cows himself, which permission was finally granted to him by defendant .that by virtue of said permission and visit of defendant’s pasture, he found the three cows in defendant’s pasture, each of said cows being branded and marked with his brand and mark, and each with a young calf at its side; and each.cow also being branded by defendant’s brand.
He further alleges that he forthwith advised the defendant that he had found the cows, with his brand and. mark and-also defendant’s brand, whereupon the defend *127 ant told him that he had bought the cattle and claimed the ownership oí the cattle and refused to deliver them to him.
He further alleges that each of said cow has had a calf in addition to the calf each now has since they have been in possession of the defendant and that the defendant has taken or disposed of these first calves to his own 'benefit.
He prays that he be decreed to be the owner of said cattle and their calves and that defendant account for the value of any other calves the said cows may have had while in the defendant’s possession.
In answer, the defendant admitted that permission was granted to plaintiff, during the first part of May 1950, to visit his pasture to conduct a search for certain cattle, and that the cattle in dispute were found with both brands and that he claimed that he had 'bought the cattle, and denied all of the material allegations of plaintiff’s petition.
In further answer, defendant assumed the position of plaintiff in reconvention and as such alleged that he had pastured the said cows for a period of approximately forty (40) months, which said pasturage was well worth the sum of $1.00 per month per head, and claimed the sum of $120.00 therefor. He further alleged that he had fed the said cattle for two winters, every day in the winter for a period of five (5) months at a cost of $.50 per head per day, making a total of $150.00 per head, or $450.00 for the three heads.
The prayer of his answer is that plaintiff’s demand be rejected and that he be granted judgment in his favor and against plaintiff in the sum of $570.00.
It is to be noted at this time that defendant in his answer assumes contradictory positions. In his answer, he assumes the ownership of the cattle, and in his recon-ventional demand, he asks to be granted a judgment for taking care of his own cattle. His reconventional demand and his prayer for judgment are not pleaded in the alternative. However, plaintiff failed to object to the introduction of evidence: or failed to file a motion to elect.
1 Upon these issues the case. was duly tried. The trial judge, for written reasons assigned, granted judgment in plaintiff’s favor, recognizing him as the owner of the three cows, with calves, and dismissed defendant’s reconventional demand. Defendant has appealed.
This is purely a factual case. Unless we can find manifest error in the finding of facts by the trial judge, it is our duty to affirm the judgment. In the trial judge’s written reasons, we find:
“From the testimony it appears that the plaintiff, Schutzman, acquired the said cattle when, they were young calves. That when the said animals were about a year old he branded and marked the said cattle using the number Tl’ on the right hip, and under figure '7 cut out of the right ear and two splits in the left ear. That after having so branded and marked the yearlings he turned them out. That he saw the said cattle from time to time until the fall of 1947. That he was unable to locate them although he continued to be on the lookout for them, until sometime in the spring of 1948, when he identified one of these cattle in the pasture of Mr. Hollis T. Munson. Thereafter he went to Mr. Munson and told him that he had found one of his cows in his pasture and sought permission to go in the pasture for the purpose of attempting to find the others. That Mr. Munson did not give him permission to make a search of his pasture but that he himself would be on the lookout for the cattle and would let him know. Hearing nothing from Mr. Munson, he claimed to. have made the second attempt to get permission. That during the time of his efforts to go into Mr. Munson’s pasture or find out something about the cattle, a period of two or more years lapsed.. That, during the first part of May, 1950 he finally obtained permission to go in the pasture and he claims to have found all three of his cattle bearing his brand and his marks, but also bearing the ■brand of Mr. Munson.
“On the trial of the.cause Mr. Munson admitted that the cattle as described by Mr. Schutzman were in his pasture, but suggest *128 tHe idea that other- cattle with the brand ‘11’ on them were also in his-pasture and depreciated the ability of the plaintiff to recognize his cattle, if in fact they were'his cattle after so long a time.
“Mr. Schutzman is apparently a man of humble station in life, and Mr. Munson, on the - other, hand, is a prominent citizen and the owner'of many acres and many cattle. It is true that the plaintiff might be criticized for having waited so long to bring this matter to an issue. He stated on the witness stand that it was the first time that he has ever been in a law suit and he hoped it would -be the last time. Under the circumstances it is easily to' be understood that he hesitated to take legal steps to recover his property hoping that the matter might be settled amitably (amicably) and that he brought this suit only as a last resort.
“The Court has no doubt of the ownership' of these cattle as Mr. Schutzman’s testimony was very convincing. He owned only a matter of some twenty five head of cattle and it is reasonable to assume that he knew each and every one of them very well indeed. There may very well have been other cattle in the pasture with the brand TT on them but it is not suggested that any other cattle had the identifying ear marks used by Mr. Schutzman in addition to the brand.”
After a careful examination of the evidence in the case, we are of the opinion that the conclusion of the trial judge is amply supported by the record. We may add' that the evidence clearly and abundantly shows that these' cattle' belong to the plaintiff. Defendant sought to prove that he had purchased these cows. His proof is too indefinite. But admitting that he had purchased them, yet he cannot deprive plaintiff of his ownership. He did not buy them from the rightful owner. His remedy is against the one who sold the cattle to him for reimbursement of the price with damages. Plaintiff has borne the burden of proof of ownership and that he did not dispose of the cattle. As to the defendant’s reconventional demand, the trial judge, in his reasons, states:
“As to the reconventional demand the amount claimed for pasturage ánd food is more than the value of the cattle. It is therefore to be assumed that Mr. Munson was feeding and pasturing the cattle as he did his other cattle with' an idea of selling the calves. It is not reasonable to suppose that he would have continued to keep unprofitable cattle for a matter of two years or more, granting even that he supposed them to be his own cattle, unless he was getting some returns. Moreover, he knew in the spring of 1948 that these cattle might be the property of Mr. Schutzman. There was some responsibility upon him also to have the matter settled in order that he would not be pasturing another man’s stock. Under these circumstances with no attempt having been made to account for any calves from these cows during the past year or more the reconventional demand should be rej ected.”
As a further reason for denying the reconventional demand, we 'may state that the evidence is conclusive that plaintiff called upon the defendant in the spring of 1948, a few months after he missed his cattle for the purpose of inspecting defendant’s premises for these cattle. At that time, according to plaintiff, and we see no reason to doubt his veracity, in fact the trial judge believed him as shown by his reasons for judgment supra, he had seen in defendant’s pasture a cow which he had reasons to believe was his. He was at that time tacitly refused permission to investigate by defendant. Had defendant then given him permission, under defendant’s own testimony and evidence introduced by him, these three cows would have been found. The delay in finding these cows cannot be placed anywhere but at the door of defendant. They would not have been in defendant’s pasture after this initial call of plaintiff. Defendant should not be allowed to recover for that period. He was not a bona fide possessor of the cattle for that period, and was unlawfully detaining them.
 Furthermore, the proof of defendant that he had purchased these cows, in our opinion, is very vague and indefinite. *129 He testified that he had purchased a lot óf cattle at New Orleans and was hilled for the lot; and that he purchased, through an. agent, a lot of cattle at auction in Baton Rouge. His testimony and that of his witnesses are to the effect that these cattle must have been necessarily in the lot or lots.. To us, he has not shown himself to be a possessor in good faith and as owner; he .was merely a simple possessor and is bound to restore the cattle with their calves, without re-imbursement to the rightful owner.
For these reasons, the judgment appealed from is affirmed.