HARDY, Judge.
This is a suit by James B. Allen and wife, Louise Edwards Allen, for the recovery of property damages and personal injuries allegedly sustained as the result of an automobile collision between a car driven by plaintiff wife and an automobile of defendant driven by his minor daughter residing with him. Joined as a party defendant is Texas Mutual Insurance Company, the lia *429 bility insurer of defendant, Joshlin. After trial there was judgment in favor of plaintiff husband in the sum of $1,130.72 and the plaintiff wife in the sum of $200, from which both defendants appealed. The appeal was perfected only by the defendant, Joshlin, and it appears from motions filed in the cause that the defendant insurer has been placed in receivership and it follows that all proceeding's therefore must be stayed with respect to such party.
On February 21, 1952, at or about the hour of 8:00 o’clock a. m., plaintiff, Mrs. Allen was driving a 1951 Hudson sedan west along Frederick Street at the intersection of Mertis Street in the City of Shreveport. Defendant’s automobile, Nash Rambler, was being driven north on (Mertis Street by his minor daughter, Ernestine. The collision occurred in the intersection of the two streets, both of which are black-topped or oiled surfaced thoroughfares and neither of which has any privileged status.
Plaintiffs allege the driver of defendant’s car was guilty of contributory negligence in operating the vehicle at an excessive rate of speed; failing to maintain a proper lookout; failing to observe the preemption of the intersection by plaintiff’s car; entering the intersection without proper control; failing to yield the right-of-way to the vehicle toward her right which had preempted the intersection, and failing to apply brakes.
In answer defendant denied any negligence on the part of the driver of the Josh-lin car; charged that the accident was due to certain- specified acts of negligence by Mrs. Allen which are approximately identical with those averred against the Joshlin driver. Alternatively defendants pleaded contributory negligence, and finally the doctrines of last clear chance and discovered peril.
As usual, the- testimonial facts are in violent conflict, but we do not think they are too difficult of resolution in view of the physical circumstances surrounding the incident. We pretermit futile discussion of the conflicting evidence with reference to speeds, application of brakes, etc. It is shown that there is somewhat of an obstruction of view of both streets from the directions in which the respective drivers were- proceeding, but we do not find that the obstructions were such as might have prevented a substantial impairment of view upon- proper effort at observation. It is shown that the impact of the collision was absorbed by the left front of the Hudson and the right front of the Nash, and the physical evidence of the effects of such impact, as reflected by the photographs in the record, indicates they could not reasonably be. concluded to have resulted from a collision between two slowly moving automobiles. After the accident the skidmarks-of the wheels of the Hudson car show that it was propelled to the right, that is, deflected from a westerly to a northerly direction, and came to rest against a telephone pole at the west line of Mertis Street some 28 feet, more or less, from the point of impact. The Nash car was thrown to the left, that is, from a north to a west direction, and came to, rest at the north line of Frederick Street some 58 feet, more or less, from the point of impact. We think there is no question as to the conclusion that the driver of defendant’s car failed to perceive the approach of plaintiff’s automobile until approximately the moment of contact. It is well established that a car approaching from the -right is, or should have been, accorded the right-of-way, and this proposition we hold to be conclusive of liability in the instant case, Van Dyke v. Waguespack, 198 So. 425.
We do not find any evidence in the record which would support defendant’s contentions as to the applicability of the last clear chance and discovered peril doctrine.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.