REGAN, Judge.
The plaintiffs, Earl Lewis, the owner and •operator of a 1949 Ford Pickup Truck, and his liability insurer, Emmco Insurance Gompany, instituted this suit against the defendant, New Orleans Public Service, Inc., ■endeavoring to recover the sum of $315.61, representing property damage incurred by Lewis on May 23rd, 1953, at 9:30 a. m., by virtue of a collision in the intersection of Washington Avenue and Freret Street, with a Freret Street trolley coach, owned by the defendant, and negligently operated by its employee, Ashton J. Carmouche.
The defendant answered admitting the occurrence of the accident, but denying that its operator was guilty of any negligence and, in the alternative, pleaded the contributory negligence of the plaintiff, Lewis.
From a judgment in favor of the defendant dismissing plaintiffs’ suit, they have prosecuted this appeal.
We have observed heretofore that when an intersectional collision occurs between two automotive vehicles, and the owners or operators thereof charge each other with negligence, we find it both logical and expedient to primarily analyze the actions of the litigant who initiated the suit, for the reason that there can be no recovery if that party, by the exercise o'f due diligence and reasonable care, could have avoided the accident. Kerschner v. Blache, La.App., 52 So.2d 749. Therefore, we shall first consider the evidence as it discloses the actions of the plaintiff, Lewis, prior to and during the course of the collision.
Lewis testified that he was driving in Washington Avenue, from the lake to the river, moving at a speed of fifteen miles per hour, trailing a Louisiana Avenue Trolley Coach; as the respective vehicles approached the intersection of Washington Avenue and Freret Street, the trolley coach moved to the righthand curb of Washington Avenue and stopped in order to discharge passengers and as it did so, he steered his vehicle to the left thereof and at the very inception of his entrance into the intersection, his truck was struck on the left front section thereof by the right front section of a Freret Street trolley coach, which was moving in Freret Street towards uptown or Napoleon Avenue. Lewis, then more pertinent to the issue, continued to elucidate:
“A. * * * As I entered into the intersection I heard the crash of the bus hitting me.
* * * * * *
ctQ. And you say that the first you *78 knew of any accident is when you heard the crash? A. Yes.
“Q. That was the first thing you knew about it? A. Yes, sir.
“Q. So, when you approached Fre-ret Street you did not see any traffic anywhere around there other than this bus? (the Louisiana Avenue trolley coach stopped adjacent to the right curbing of Washington Avenue) A. No, sir.
“Q. And you say that you were traveling in the middle of Washington Avenue and you went over and Wham’ you got hit? A. That’s right.
“Q. And you never saw anything? A. That’s right.”
In addition thereto the record discloses that the accident occurred on Saturday, May 23, 1953, at 9:30 a. m. It was, therefore, daylight and if plaintiff had looked there was nothing to prevent him from seeing defendant’s trolley coach in the intersection. Whatever the operator of an automotive vehicle can see, he must see and, in legal contemplation, he does see. His failure to observe what he could have seen by the exercise of diligence does not absolve him from liability.
In view of the fact that we are of the opinion that Lewis was guilty of such negligence as precludes his recovery, it would serve no useful purpose to consider plaintiffs’ charges of negligence against the defendant.
It is obvious from the foregoing factual revelation that this case posed for both the trial court and our consideration only a question of fact,' which the trial judge resolved in favor of the deféndant and our examination' of the record discloses an abundance of evidence in support of his conclusion.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. •