REGAN, Judge.
Plaintiff, Sam LaRocca, the owner and operator of a Ford automobile, instituted this suit against the defendants, Lawrence J. Dabria, the owner and operator of a Dodge Sedan, and the Texas Mutual Insurance Company, his liability insurer, endeavoring to recover the sum of $13,243.06, representing $11,929 for personal injuries, medical expenses, loss of earnings and $1,314.06 for property damage incurred by him as a result of a collision which occurred between the two vehicles in the intersection of Alio and Fifth Streets in Mar-rero, Louisiana, on March 22nd, 1951, at about 7:00 a.m.
The defendants answered admitting the occurrence of the accident, but denying that Dabria was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of LaRocca. For the purpose of brevity we shall hereinafter refer to Dabria as the defendant.
From a judgment in favor of the defendants-dismissing plaintiff’s suit, he has prosecuted this appeal.
This case was consolidated with a similar suit arising out of the same accident in order to facilitate and expedite the trial thereof. The suit referred to is entitled Fried v. Dabria, La.App., 78 So.2d 844. In the Fried case, the plaintiff was a guest passenger in the LaRocca automobile, and asserted that he was entitled to $5,065 for personal injuries incurred as the result of the aforementioned collision.
The record reflects that immediately prior to the accident the plaintiff, accompanied by Wm. C. Fried, was operating his automobile in Fifth Street, a gravelled roadway, meving about twenty miles per hour in the general direction of Westwego, Louisiana; when he approached the intersection of Alio and Fifth Streets he “looked *542 and did not see any cars coming either way” and as his vehicle reached the center of the intersection it was struck by defendant’s automobile; as the ultimate result of the accident plaintiff’s vehicle turned over and, in the course thereof, both he and his passenger lost consciousness and it was only after regaining his senses that he ascertained the ownership of the other vehicle and established the factual manner in which the accident occurred. Plaintiff, in the final analysis, conceded that he never observed defendant’s vehicle at any moment prior to or in the course of the actual collision.
Defendant related that he was operating his automobile in Alio Street, which is black topped, also at a speed of twenty miles per hour, moving in the general direction of the Mississippi River. When he approached the intersection of Alio and Fifth Streets, he looked to the right, the direction from which plaintiff’s vehicle was coming, and seeing nothing he glanced to his left, where he observed only a bicycle and its passenger; he then turned his eyes forward and simultaneously his vehicle reached approximately the center of the intersection at which moment the collision occurred. Defendant, in the last analysis, likewise conceded that he never saw the plaintiff’s automobile at any time prior to the actual collision.
Plaintiff endeavors to exculpate himself from negligence by pointing to the provisions of the Highway Regulatory Act LSA-R.S. 32:327(A) which reads:—
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have.”
Plaintiff cites as an interprefation thereof and in support of his contention Van Dyke v. Waguespack, La.App., 198 So. 425, 428, wherein the Court said:
“Under the state highway regulatory act, as well as under the general rules of the road, where neither of two intersecting streets or highways is given the right of way over the other, the vehicle approaching the intersection from the right has the right of way over a vehicle approaching the intersection from the left.”
Defendant, on the other hand, insists that he had the right of way since he was operating his vehicle on both a black topped and favored street by virtue of local custom and understanding, therefore, the right of way enjoyed by his vehicle should have been respected by the plaintiff.
In order to fix liability herein we find it unnecessary to resolve or reconcile the foregoing contentions of the respective litigants for the reason that the operator of each vehicle conceded that he failed to observe even the existence of the other vehicle until the collision actually occurred or was so imminent that neither litigant could do anything to avoid it.
In addition thereto, the record discloses that the accident occurred on March 22nd, 1951, at about 7:00 a.m. It was, therefore, daylight and if plaintiff or defendant had looked there was nothing to prevent them from seeing each other in sufficient time to avoid the collision. Whatever the operator of an automotive vehicle can see, he must see and, in legal contemplation, he does see. His failure to observe what he could have seen by the exercise of diligence does not absolve him from liability. Lewis v. New Orleans Public Service, Inc., La.App., 1955, 78 So.2d 76.
It is obvious that “both [plaintiff and defendant were] guilty of joint and concurrent negligence proximately causing the accident, inasmuch as they * * * failed to maintain a proper lookout and to have their vehicles under control.” Scheib v. Ledet, La.App., 1952, 57 So.2d 814, 815.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.