95 So.2d 363 (1957)
William C. PARDUE, Plaintiff-Appellant,
v.
David E. NORRED et al., Defendants-Appellees.
No. 8669.
Court of Appeal of Louisiana, Second Circuit.
April 26, 1957.
*364 Holloway & Baker, Jonesboro, for appellant.
McBride & Goff, Ruston, for appellee.
GLADNEY, Judge.
In this appeal plaintiff is aggrieved by a judgment rejecting his demands. This suit was brought as a result of an intersectional automobile collision which occurred in Jonesboro, Louisiana, and in which plaintiff's Ford automobile sustained damage. After trial on the merits the judge a quo sustained a plea of contributory negligence filed by the defendants, the effect of which was to bar plaintiff's right to recover.
The material facts relating to the accident are not difficult to ascertain. During daylight hours on October 8, 1955, William C. Pardue, accompanied by J. T. Burnum, was proceeding in Pardue's automobile to their place of employment at a nearby paper mill. As their automobile proceeded north along Michigan Avenue in the Town of Jonesboro at a speed of about twenty-five miles per hour, the vehicle entered an intersection with Sixth Street and was struck by an enclosed panel milk truck, being driven westerly by David Edgar Norred. Riding with Norred was James Thrift, a young man who assisted Norred in the delivery of milk for their employer, Lowell F. Lynde. Michigan Avenue is a blacktopped street and Sixth Avenue is blacktopped up to the west side of Michigan, but west of Michigan, Sixth Street changes its name to First Street, and is not paved. Plaintiff has impleaded as defendants Norred, Lynde and Manufacturers Casualty Insurance Company, Lynde's liability insurance carrier.
Plaintiff charges that Norred was guilty of actionable negligence in several particulars: excessive speed, failing to respect a stop sign and right-of-way street, failing to properly observe the intersection and have his car under control. Alternatively, the last clear chance or discovered peril doctrine is invoked. There is no substantial evidence to support charges of excessive speed, the existence of any stop sign, or the allegation that Michigan Avenue is designated as a right-of-way thoroughfare by local ordinance. Thus, plaintiff must rely upon his averments that Norred failed to maintain proper observation while approaching the intersection and failed to have his car under proper control.
Defendants deny Norred was in any wise negligent and support their charge of contributory negligence on the part of Pardue by alleging excessive speed, failure to maintain a proper lookout and in not keeping his vehicle under control. It is further claimed Norred preempted the street and in any event he was entitled to the right-of-way under LSA-R.S. 32:237, subd. A.
Of special significance is testimony by Norred, Burnum, Thrift and Pardue that Pardue did not observe the milk truck until the instant of collision. The evidence which contains the aforementioned admission of plaintiff is so conclusive there can be no doubt of the negligence of Pardue in not maintaining proper observance as he drove into the intersection.
It is well settled in our jurisprudence that a driver is guilty of contributory negligence in not seeing what a reasonably prudent person should have seen and would have avoided. Sexton v. Stiles 1930, 15 La.App. 148, 130 So. 821; Woodley & Collins v. Schusters' Wholesale Produce Company, Inc., 1930, 170 La. 527, *365 128 So. 469; Raziano v. Trauth, 1931, 15 La.App. 650, 131 So. 212; Waters v. Meriwether Transfer Company, Inc., 1931, 18 La.App. 18, 137 So. 578; Safety Tire Service, Inc. v. Murov, 1932, 19 La.App. 663, 140 So. 879; Bordelon v. T. L. James & Company, La.App.1933, 148 So. 484; O'Rourke v. McConaughey, La.App.1934, 157 So. 598; Blahut v. McCahil, La.App. 1935, 163 So. 195; Hutchinson v. T. L. James & Company, Inc., La.App.1935, 160 So. 447; Louisiana Power & Light Company v. Saia, La.App.1937, 173 So. 537; Hemel v. United States Fidelity & Guaranty Company, La.App.1947, 31 So.2d 38; Plaquemines Parish School Board v. Davis, La.App.1947, 32 So.2d 391; Allen v. Joshlin, La.App.1953, 66 So.2d 428; Hubble v. Bourg, La.App.1953, 68 So.2d 639; La Rocca v. Dabria, La.App.1955, 78 So.2d 541. In Maher v. New Orleans Linen Supply Company, Inc., La.App.1949, 41 So.2d 101, the court stated motorists' duty to look ahead and observe never ceases; they must see what they can see and in legal contempplation do see, and their failure to see what they could have seen by exercising due diligence, does not absolve them from liability for resulting injuries to others. In determining whether a motorist has exercised due care, his conduct is to be gauged in connection with the particular conditions presented to him at the time of an accident, the speed at which he is driving, the control he maintains over his automobile, and the alertness of his observation must reasonably conform to the surrounding traffic conditions. Culpepper v. Leonard Truck Lines, Inc. 1945, 208 La. 1084, 24 So.2d 148; Lopreore v. New Orleans Public Service, Inc., La.App. 1946, 27 So.2d 737. As paraphrased in a recent decision by this court "`the greater the danger the greater the necessity for caution'". National Retailers Mutual Insurance Company v. Harkness, La.App. 1954, 76 So.2d 95, 98.
The collision between the vehicles driven by Pardue and Norred occurred at a time and place where conditions were most favorable for observation of traffic. We entertain little doubt the accident might well have been avoided had either driver been reasonably diligent in maintaining a lookout for approaching traffic as he arrived at the intersection. Pardue and Norred were frank in their testimony that neither saw the other driver until the instant of the collision. The negligence of each is clearly indicated.
Our finding that plaintiff was guilty of contributory negligence in failing to maintain a proper lookout is sufficient to dispose of his claim and affirm the judgment of the trial court. However, we deem it appropriate to consider several contentions made by appellant. The first is that Michigan Avenue was respected by the local community as if it were a right-of-way street and Norred should have so recognized it as a favored street, for Sixth Street did not continue on as a blacktopped street, but west of Michigan was simply a non-paved street. The argument is not sound. The uncontradicted evidence shows Michigan Avenue has never been designated as a favored street by authorization of municipal ordinance of the Town of Jonesboro, and, therefore, under the provisions of LSA-R.S. 32:237, subd. A, of the State Highway Regulatory Act where neither of the two streets or highway is by municipal ordinance given the right-of-way over the other, the vehicle approaching the intersection from the right has the right-of-way over a vehicle approaching the intersection from the left. Brazzel v. Farrar, La.App.1952, 61 So.2d 517; National Retailers Mutual Insurance Company v. Harkness, La.App.1954, 76 So.2d 95. It is admitted Pardue was traveling north and Norred west as the two vehicles entered the intersection; consequently Norred was driving the vehicle approaching the intersection from the right, and was entitled to the right-of-way.
Another argument presented by appellant, although not reflected in the pleadings, *366 is that Pardue preempted the intersection. The evidence shows this not to be true. Both vehicles entered the intersection almost simultaneously and the testimony of Norred, Thrift and Burnum, as well as other corroborating evidence, indicates the collision occurred almost in the center of the intersection. The damage to the Ford automobile was approximately at the right front wheel and that sustained by the milk truck was near the left front wheel. There is, therefore, no basis for plaintiff's claim he entered the intersection sufficiently in advance of Norred so that the latter should have yielded.
Finally, it is argued by counsel for appellant the last clear chance doctrine has application in his favor. Under the facts as determined herein, we are certain Norred had no opportunity to avoid the collision. Manifestly, therefore, the last clear chance or discovered peril doctrine cannot be invoked in the instant case.
The judge a quo has assigned written reasons for his decision and we concur in the sound reasoning advanced therein. We have repeatedly declared that judgments based upon facts will not be disturbed upon appeal unless clearly erroneous and where only issues of fact are involved in the trial court, the appellate court will affirm where the judgment is clearly correct, and will reverse only when it is manifestly erroneous. Bogan v. Caldwell Bros. & Hart, La.App.1938, 184 So. 413; Falgout v. Johnson, La.App.1939, 191 La. 823, 186 So. 349; Russel v. Reed, La.App.1939, 192 So. 548; Redden v. Blyth, La.App.1943, 12 So.2d 728; Coca-Cola Bottling Company, Inc., v. Williams, La.App.1943, 14 So.2d 319; A. M. Edwards Company Inc., v. Hammond Box Company, Inc., La.App.1944, 17 So. 2d 53; Schutzman v. Munson, La.App.1951, 51 So.2d 125.
Therefore, for the reasons hereinabove assigned, the judgment from which appealed is affirmed at appellant's cost.