GLADNEY, Judge.
Plaintiff has appealed from a judgment rejecting his demands for damages allegedly sustained in a motor vehicle accident which took place on February 22, 1955, in Webster Parish. Involved were a pick-up truck owned and operated by Loyce Howard, and a school bus belonging to the Webster Parish School Board and driven by Millard Perkins. Suit was instituted by the plaintiff, Howard, against the Webster Parish School Board and its insurer, Great American Indemnity Company. The Webster Parish School Board was dismissed from the suit on an exception of no right of action filed on its behalf predicated upon the provisions of LSA-R.S. 32:601-604. There has been no appeal from this ruling and the Webster Parish School Board is no longer a party defendant. The Great American Indemnity Company answered plaintiff’s petition by denying Howard sustained any injury and asserted the accident was entirely caused by his negligence. Alternatively, a plea of contributory negligence was filed.
In order to properly understand how the collision between plaintiff’s truck and the school bus occurred, we deem it proper to describe somewhat in detail the situs of the accident. Just west of the corporate limits of Minden, U. S. Highway 80 runs in a general east-west direction where it forms a junction with another paved road which roughly parallels and lies north of the present highway, and which we shall refer to as the old Highway 80. This paved road formerly was a portion of U. S. Highway 80, but was eliminated as a result of an alteration of the route. When the new road was opened, the old Highway 80 intersected the new with an abrupt right angle entrance, creating an angle of approximately twenty degrees between the two highways. The area between the two highways west of their junction is open so that motorists traveling on either road can readily observe traffic on the other. Lying north of the present highway some 300 to 400 feet east of the junction of the old and new Highways 80, is a broad graveled area through which crosses a narrow road which turns away from U. S. Highway 80 to the north, which road is known as the “Drake Gravel Pit Road.”
The collision took place on the graveled area near the junction of the Drake Gravel Pit Road with the junction of the old and new U. S. Highway 80 concrete slab. The point of impact was approximately twenty feet north of the edge of the pavement of the new Highway 80, approximately thirty-two feet east of the pavement of the old Highway 80, and south of the intersection of the Drake Gravel Pit Road with the graveled area.
The accident happened about 7:30 o’clock A.M. on February 22, 1955, at which time the weather was clear and cold. Loyce Howard was proceeding eastward on the new highway in a pick-up truck and Perkins was traveling eastward along the old road. The school bus had picked up some children just west of the junction of the old and new Plighway 80, and it was about to pick up several children who were waiting for the bus at the intersection of the Drake Gravel Pit Road with U. S. Highway 80. While Perkins was traveling toward this point at a speed of approximately ten miles per hour, Howard, who was traveling east on Highway 80 had reached its intersection with the old Highway 80 and the Drake Road, and intending to enter the Drake Road, he turned left off of Highway 80 at a speed which he estimated at twenty miles per hour.
The trial court in rejecting plaintiff’s demands sustained a plea of contributory negligence filed on behalf of the defendant. Our examination of the record has convinced us that the judgment is correct. In fact, the evidence discloses that both Millard Perkins and Loyce Howard were guilty of concurrent negligence.
*541 Millard Perkins testified he did not see the Howard vehicle before the impact as his attention was focused upon the children awaiting the arrival of the bus. Howard testified he started his left turn off the main highway when the school bus was only about fifty feet away; that he gave the signal for a left-hand turn, turned left, and when his vehicle had reached the graveled area he realized a collision with the school bus was imminent. In order to avoid the accident, he says, he shifted into second gear and increased his speed in order to get out of the way of the bus. Notwithstanding his efforts the collision occurred at a point on the graveled area approximately twenty feet north of the edge of the pavement of the new road.
It is undisputed that both vehicles were traveling parallel to each other with the intervening space unobstructed to the view of either motorist so that for a distance of several hundred feet each was within the range of vision of the other. Perkins was clearly negligent in not seeing Howard until the moment of impact. Howard, on the other hand, in continuing to cross the path of the bus such a short distance away in the exercise of his turning maneuver was guilty of negligence. He should have permitted the bus to proceed ahead of him. This he could easily have done by slowing or stopping his vehicle. Forasmuch as Howard was undertaking the left turn under the stated circumstances, it was clearly his duty to yield the right-of-way. Howard estimated his speed at not more than twenty miles per hour and we think it was inexcusable negligence for him to fail to give way to the approaching school bus.
The driver is guilty of contributory negligence in not seeing what a reasonably prudent person should have seen and could have avoided. It has often been stated in our jurisprudence a motorist’s duty to look ahead and observe never ceases; they must see what they can see and in legal contemplation do see, and their failure to see what they could have seen by exercising due diligence does not absolve them from liability in resulting injuries to others. In determining whether a motorist has exercised due care his conduct is to be gauged in connection with the particular conditions presented to him at the time of the accident. The speed at which he is traveling, the control he maintains over his automobile and the alertness of his observation must reasonably conform to the surrounding traffic conditions. See: Fardue v. Norred, La.App.1957, 95 So.2d 363 and authorities cited therein.
We find it unnecessary to inquire into, the extent of personal injuries sustained by the plaintiff herein, in view of our finding that he was guilty of contributory negligence. Neither do we deem it necessary to discuss at length plaintiff’s charge that the windshield of the school bus was frosted over. This was emphatically denied by Perkins and in our opinion plaintiff failed to establish proof of this charge.
Our finding herein is strengthened by the fact that the trial judge reached the same conclusion. It is a familiar rule in our jurisprudence that judgments based upon facts will not be disturbed upon appeal unless clearly erroneous, and where only issues of fact are involved, the appellate court will affirm where the judgment is clearly correct, and will reverse only when it is manifestly erroneous. See: Bogan v. Caldwell Bros. & Hart, La.App.1938, 184 So. 413; Falgout v. Johnson, 1939, 191 La. 823, 186 So. 349; Russel v. Reed, La.App. 1939, 192 So. 548; Redden v. Blythe, La. App.1943, 12 So.2d 728; Coca-Cola Bottling Company, Inc. v. Williams, La.App. 1943, 14 So.2d 319; A. M. Edwards Company, Inc. v. Hammond Box Company, Inc., La.App.1944, 17 So.2d 53; Schutzman v. Munson, La.App.1951, 51 So.2d 125; Pardue v. Norred, La.App.1957, 95 So.2d 363.
It follows from the conclusions herein reached that the judgment from which appealed should be and is hereby affirmed at appellant’s cost.