CULPEPPER, Judge.
This is a tort action for property damages and personal injuries resulting from an automobile accident. From an adverse judgment in the lower court, after trial on the merits before a jury, plaintiff prosecutes this appeal.
The accident occurred on La. Highway 14 south of Lake Charles, Louisiana, at a point where said highway contains two lanes, is paved with “blacktop” 24 feet in width and is straight for some distance north and south of the scene of the collision, which occurred at approximately 8:30 p. m. on the night of February 1, 1958. Plaintiff contends that he was seated in the driver’s seat of his automobile, which was stalled, parked with both front and rear lights burning, facing south, partially on the west shoulder of the road with the left wheels two or three feet over the pavement, when his car was sideswiped in the area of the left front door by an automobile owned and driven by the defendant, Robert S. Guice, who was insured at the time by the defendant, All State Insurance Company. It is conceded that at the time of the collision the vehicle driven by Guice was traveling south on La. Highway 14 and was passing between the Holt automobile parked on the west side of the highway headed south and a pickup truck occupied by Mr. and Mrs. Billy Harrell which was parked parallel to and across the highway from the Holt vehicle with its headlights burning, facing north. Although there is some conflict in the testimony as to whether the Harrell truck was partially on the east shoulder, or completely in the east lane of traffic, it is conceded that there was sufficient space between the two vehicles so parked for safe passage by the defendant Guice, except for the possibility that the left front door of the Holt vehicle was open.
Although the plaintiff contends that the defendant sideswiped the left center of his automobile, a preponderance of the evidence shows that actually the only portion of plaintiff’s vehicle which was struck by the Guice car was the left front door, which came into contact with the right front of defendant’s vehicle as it passed.
It is the contention of the plaintiff, that the defendant was guilty of negligence in failing to keep a proper lookout under the circumstances, failing to drive within the range of his headlights, striking a legally parked car, and proceeding when he was aware, or should have been aware, of the possible obstruction of the highway by the open door. Plaintiff cites Iglesias v. Campbell, La.App., 175 So. 145, and Howard v. Great American Indemnity Company, La.App., 106 So.2d 539 as authority for the proposition that a motorist must use due care under the circumstances and that his conduct in this regard is gauged by the speed which he was traveling, the control which he maintained over his automobile and the alertness of his observation under the surrounding traffic conditions. Plaintiff cites Land v. Colletti, La.App., 79 So.2d 641 as holding that a motorist driving at night must drive at such a speed as to be able to stop within the range of his vision so that he can stop when he sees or should see a vehicle in his path ahead. Plaintiff also calls to our attention Marquez v. Miller, La.App., 64 So.2d 526 which holds that it is usually negligence to strike a vehicle which is legally parked and Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 holding that a motorist does not have the right to assume that his course of travel is free of danger or obstruction in the absence of his ability to see clearly ahead.
Although the defendants have no quarrel with the general propositions of law expressed in the cases cited by plaintiff, it is the contention of the defendants that under the facts of the instant case, no negligence has been shown on the part of the defendant, Guice. It is the contention of the defendants, that this accident was caused solely by the existence of the opened left front door of plaintiff’s vehicle. In our opinion this contention is correct, because the evidence shows that Guice saw the *350 two vehicles parked opposite each other on the highway and determined that there was room for him to go between them and this he would have done except for the opened door, which Guice admitted he did not see. In our opinion the evidence fails to show that Guice did not have his vehicle under proper control or that he was traveling at an excessive speed under the circumstances and the issue of negligence on the part of Guice therefore becomes whether or not he was required under the circumstances to observe the open door and was negligent in failing to do so. If, as defendant contends, the door swung open suddenly, as Guice passed, and at such time as Guice was unable to observe it, then clearly no negligence in this regard could be attributed to Guice. However, the testimony of plaintiff and his witnesses is that immediately before the collision he had entered his vehicle through the left front door and that, although the door was not closed and latched, it was resting against the frame of the automobile in such a manner that it protruded two or three inches and that it was in this position as defendant approached and up until the time it was struck by the defendant’s car. (Regardless of how far open the door was, the evidence shows, as stated above, that the open door was the only part of the plaintiff’s vehicle which was struck and it must therefore be concluded that the accident would not have occurred except for the open door.) As regards defendant’s negligence, the next issue is then whether he should have seen the partially open door and avoided striking it. Applicable here is the following language from Vowell v. Manufacturers Casualty Insurance Company, 229 La. 796, 86 So.2d 909, 913:
“Our rule that a motorist traveling on the public highways after dark or during a rainstorm, fog, or other abnormal condition, which prevents him seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A. 1917F, 253; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1.”
In the instant case, Guice could see the two parked vehicles and it is conceded that he had room to pass between them. In our opinion, the existence of the open door of the plaintiff’s vehicle was such an unexpected and unusual obstruction, particularly where the door was only partially open, that the defendant Guice had no reason to anticipate he would encounter such a thing on the highway.
It is therefore our opinion, that Guice was free of negligence, whether the door was opened suddenly as he passed or was partially open as he approached.
Under the facts which we have found above, we have no difficulty in denying plaintiff’s further contention that the defendants are liable under the doctrine of last clear chance. As stated above, the defendant Guice did not see, nor is it our opinion that he is held to a duty to have seen, the open door in time to avoid the collision. See Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 and the cases cited therein.
In view of the above conclusions which we have reached, it is unnecessary for us to consider defendant’s contention that plaintiff was contributorily negligent in leaving the door partially open or in failing to park his vehicle off the pavement.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.