This is a suit in which plaintiff seeks to recover damages resulting from a collision between his truck and a truck belonging to the defendant, Rapides Grocery Company, in an intersectional accident in the City of Natchitoches on December 5, 1939. In answer, defendant denies any negligence on the part of its employee, driver of the company's truck, alternatively alleges contributory negligence on the part of the driver of plaintiff's truck, and, assuming the position of plaintiff in reconvention, claims damages against plaintiff.
After trial there was judgment in favor of plaintiff in the sum of $205.12. While the judgment makes no mention of defendant's reconventional demand, the written reasons for judgment assigned by the Judge of the district Court, evidence the fact that it was his intention to reject such demand.
[1] From the judgment defendant has devolutively appealed, and plaintiff has filed in this Court a motion to dismiss the appeal on the ground that the judgment has been paid by defendant's insurer; that such payment was voluntary and represented such an acquiescence in the judgment as to terminate defendant's right of appeal.
We find no merit in the motion to dismiss. The record clearly shows a definite intention on the part of defendant to prosecute an appeal. A draft in payment of the judgment was forwarded by defendant's attorney to the attorney for plaintiff in a letter of May 30, 1941, and defendant's petition for appeal bears the same date. Indeed, defendant's attorney stated in so many words in his letter of May 30th that payment of the judgment was not intended as a waiver of the right to appeal, and that the petition and order for appeal had been drawn and presented to the Court.
The facts surrounding the taking of the appeal in this case not only negative any presumption of acquiescence in the judgment but affirmatively establish the intention to appeal.
[2] On the merits, the facts show that the trucks of both plaintiff and defendant, driven by their respective employees, entered the City of Natchitoches on highway 20 at the same time, the truck of plaintiff being followed at a distance of about 50 feet by defendant's truck. The driver of plaintiff's truck continued on highway 20 to Second Street, where he turned right, while the driver of defendant's truck turned right on Third Street, proceeded to Pavie Street, and there turned left. The collision occurred at the intersection of Second and Pavie Streets as plaintiff's truck was moving south and defendant's truck east across said intersection. Second Street is a right-of-way street and the ordinances of the City of Natchitoches require that traffic on Pavie Street come to a stop before crossing the intersection with Second Street. The driver of defendant's truck did not stop in accordance with the requirements of the ordinance, and he testified that he simply shifted gears and proceeded across the intersection. The actual collision occurred, as best can be determined from the conflicting testimony of the witnesses, almost in the exact center of the intersection.
This case concerns purely and simply the determination of questions of fact as to the actual circumstances of the collision. There is a sharp conflict of testimony, as is to be expected in cases of this nature. Each driver claims to have pre-empted the intersection, and each charges the other with excessive speed and other acts of negligence.
The district Judge, in a most thorough and detailed analysis assigning reasons for his opinion, resolved the facts in favor of plaintiff. The learned Judge found that defendant's truck was being driven down a steep hill into the intersection at a rate of speed of about 20 miles an hour, approximately twice the speed of plaintiff's truck; that the two trucks reached the intersection at about the same instant; that defendant's driver failed to bring his truck to a stop as required by an ordinance of the City of Natchitoches, and, therefore, was guilty of the act of negligence which was the primary cause of the accident. The Judge of the district Court further found that the facts did not justify a conclusion as to any act of contributory negligence on the part of plaintiff's driver.
We observe no manifest error in these findings of the district Judge, and, on the *Page 409 
contrary, our examination of the testimony as to the facts and physical circumstances surrounding the accident definitely lead to the same conclusions.
[3] It is true that the mere failure of the driver of a vehicle to stop before crossing a right-of-way street is not, in itself, sufficient to convict him of liability for a resulting collision. But, this is true only where such vehicle has pre-empted the intersection by a sufficient margin of both time and distance as would enable the driver of a vehicle approaching the intersection on a right-of-way thoroughfare to avoid a collision through the exercise of reasonable care. This fact was not established in the instant case, and, indeed, we find, as did the district Judge, that the two vehicles must have entered the intersection at approximately the same instant, and there is no question but that the time of entry was so nearly simultaneous as to sustain the conclusion that defendant's driver was guilty of negligence in attempting to run the intersection ahead of plaintiff.
Zealous counsel for defendant emphasizes the testimony of several negro youths, who were plaintiff's witnesses, in his attempt to break down the effect of such testimony on the question of the speed of plaintiff's truck. While we quite agree that the very exactness and consistency of this line of testimony as between the several witnesses raises a serious question as to veracity, it is not necessary to rely upon this testimony in determining the question of speed. The facts themselves definitely proved that defendant's truck was being driven at a considerably greater rate of speed than that of plaintiff.
[4] Except in instances of manifest error, an appellate Court will not disturb the findings of fact as determined by the trial Judge. We find no such error present in the holding of the trial Court in this case.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., takes no part. *Page 471