ELLIS, Judge.
This suit is the result of an intersec-tional collision between an automobile being driven by the plaintiff, Mrs. Ernest Dickerson, and one owned and being operated by the defendant, Leon Lorren, which occurred at the intersection of Fifth Street and Avenue F in the City of Boga-lusa, Louisiana, at or near 3:00 p. m. on March 4, 1949. The plaintiff alleged that Avenue F was a right of way street by an ordinance of the City of Bogalusa, and that Mrs. Dickerson was proceeding south thereon and that the defendant Lorren was proceeding west on Fifth Street, up an, incline into the intersection of the two streets; that the weather was clear and by the exercise of reasonable diligence the defendant Lorren could and should have seen the approaching automobile; that Lor-ren failed to keep a proper lookout, all of which was the proximate cause of the accident.
The defendant Lorren and his insurance carrier denied the material allegations of plaintiff’s petition and reconvened for the damage to Lorren’s automobile, all of which had been paid except $50.00 under a deductible clause by the defendant insurance company, and it having been subrogated to the right of Lorren, prayed that judgment be rendered in its favor for the money so paid, and Lorren asked for judgment for the $50.00 damage which remained unpaid.
The defendant Lorren alleged that he was traveling in a westerly direction on Fifth Street at a speed of about twenty miles per hour just prior to the accident, and that as he approached the intersection he looked in both directions on Avenue F to see if it was safe for him to proceed on into the intersection; that he could see for quite some distance but didn’t see anything approaching, whereupon he proceeded into the intersection and had driven almost across the same when a car driven by the plaintiff, Mrs. Dickerson, ran into and struck his car near its center.
There was judgment in the Lower Court in favor of the plaintiff Ernest Dickerson and against both defendants, in solido, for $294.00, the amount prayed for as damages to the car being driven by Mrs. Dickerson. From such judgment the defendants have appealed.
It is admitted that Avenue F is a right-of-way street and that one travelling west on Fifth Street must go up an incline just prior to reaching the intersection of these two streets. The defendant contends that he had preempted the intersection and that despite this fact, Mrs. Dickerson negligently ran into the side of his car.
The record discloses that Lorren approached the intersection at a speed of approximately from 15 to 20 miles an hour and that upon reaching it brought his automobile practically to a stop and then proceeded on into the intersection, and that when the front of his automobile was approximately two or three feet across the center of the intersection it was struck on *223 the right fender and door by the automobile driven by Mrs. Dickerson. Lorren testified that he could see fifty yards to his right into Avenue F and that he looked when he practically stopped his automobile at the intersection and that he did not see any automobile approaching. There is no doubt that he slowed down and practically stopped at the intersection, for Mrs. Dickerson and one of the occupants of her car testified to virtually the same fact.
Mrs. Dickerson contends that she was within close range but does not fix the exact distance at the time the defendant Lorren' slowed down at the intersection which lead her to believe that he was going to stop and allow her to pass. She, therefore, proceeded on and when she realized that he was going to proceed into the intersection, she did not have time to stop although she applied her brakes.
There are two questions presented — first, whether the defendant looked for approaching traffic to his left and if so, could he or should he have seen Mrs. Dickerson approaching, and, second, approximately how far from the intersection was the automobile being driven by Mrs. Dickerson at the time the defendant entered the intersection.
Counsel for defendants complains of the finding of the trial judge that the two automobiles reached the intersection at approximately the same time. Under the facts, they did not reach the intersection at the same time. The Lorren automobile reached the intersection first but this fact alone would not give it the right to proceed across a favored street without ascertaining that he could safely cross under ordinary circumstances. In the present case, if we take the speed of the Dickerson automobile at 30 miles per hour, and the speed of the Lorren automobile as it entered and began to cross the intersection at 10 miles per hour, and use the Speed Chart as given in Vol. 9, Blashfield’s Cyclopedia of Automobile Law and Practice, Part 2, § 6237, page 706, we find that Mrs. Dickerson was travelling 44 feet per second and the Lorren automobile was travelling 141/2 feet per second. The distance which the front of the Lorren automobile travel-led into the intersection was at or about 11 feet which, according to the Speed Chart, required % of a second. In the same length’ of time, or % of a second, the car driven by Mrs. Dickerson would have travelled 33 feet. As the accident happened approximately in the center of the intersection, then Mrs. Dickerson had travelled 9 feet in the intersection, which would place her approximately 24 feet from the intersection at the time the Lorren automobile began to enter the intersection.
There is no doubt from the testimony that one second prior to the collision Mrs. Dickerson was approximately 44 feet from the point of impact. There is no reason why the defendant Lorren- could not -and did not see her automobile on Avenue F at the time he arrived at the intersection. Under the facts she was within 24 to 30 feet of the intersection when he said he looked and did not see her. Pie was clearly negligent in not seeing her. The automobile of Mrs. Dickerson at the time that Lorren reached the intersection was close enough ■and approaching at a speed of 35 miles per hour so that the defendant Lorren could not possibly have assumed that he could safely cross the intersection without a collision. In order to relieve himself of liability for a collision it was necessary that the defendant Lorren definitely ascertain that he could safely cross the intersection without the danger of collision, from approaching traffic on the favored street. Had he looked as he said he did he was bound to have seen the approaching automobile on Avenue F and would have realized that it was impossible for him to cross the intersection in safety.
Under the facts of this case, we do not think that the authorities relied upon and cited by counsel for the defendants are applicable. This is not a case wherein a driver on a right-of-way street attempted to force his way over the driver on the less favored street. We are of the opinion that although the defendant Lorren entered the intersection first that he did so without looking, or if he did 'look he is chargeable with seeing Mrs. Dickerson who was on the favored street and considering her proximity to the intersection and her' speed, the defendant Lorren could not *224 have assumed that he could safely cross the intersection without a collision, and his negligence in proceeding into the intersection under the facts and circumstances of this case was the proximate cause of the accident.
The judgment of the City Court is affirmed.