DORÉ, Judge.
This suit is the result of an intersectional collision between an automobile owned and being driven by the plaintiff, Arthur J. Dye, and one owned and being operated by the defendant, George B. Leyden, which occurred at the intersection of Chippewa Street and Hiawatha Street in the suburb of the City of Baton Rouge at about 3:30 p. m. on October 25, 1948. It is pleaded by plaintiff and admitted that Hiawatha Street, which runs north and south, was a right of way street by an ordinance of the Parish of East Baton Rouge and also that the plaintiff was proceeding south thereon and that the defendant was proceeding west on Chippewa Street, which runs east and west, and consequently the plaintiff bad the right of way over the defendant by reason of the fact that he approached the intersection from defendant’s right as well as under the terms of the Bast Baton Rouge Parish Ordinance. The collision occurred in the northwest quadrant of the intersection of Hiawatha and Chippewa Streets, which intersection measures approximately twenty feet in each direction. Plaintiff alleges that the accident was caused solely by the negligence of the defendant and particularly in failing to accord the right of way clearly given ¡him under the law; in failing to bring his car to a stop before entering the intersection which was admittedly marked by a stop sign; in operating his motor vehicle at an unreasonable rate of speed under the prevailing circumstances; in operating his automobile without maintaining a proper lookout and in failing to keep it under proper control. Plaintiff claims that his damage consisted of $526.70 for repair to his automobile and an additional amount of $135 for the rental of another automobile during the time that his automobile was being repaired.
The defendant Leyden and his insurance carrier, the other defendant herein, denied that the defendant Leyden was guilty of any negligence which was the proximate cause of the accident and in the alternative plead *566 ed negligence on the part 'of plaintiff which they allege was a proximate cause of the accident and which they aver bars his recovery. They, in effect, claim that the defendant, though driving on a less favored street, bad preempted the intersection of the two streets in ample time to have permitted him to proceed safely through the intersection had not the plaintiff operated his automobile in a negligent and careless manner and particularly that plaintiff was guilty of gross negligence in that he failed to keep a proper lookout and that he failed to see, or saw and failed to heed, the defendant’s automobile proceeding through the intersection of Hiawatha and Chippewa Streets. The defendant also assumed the-.'position of plaintiff in reconvention, .based on the averment that the accident was caused solely by the negligence of the plaintiff, and asked for an award to cover damages to his automobile in the sum of $188.82.
There was judgment in the lower court in favor of the plaintiff, Arthur J. Dye, and against both defendants, in solido, for $526.-70 with interest at the rate of five per cent from date of judicial demand until paid, the amount prayed for as damages to the car being driven by plaintiff. From such judgment, the defendants have appealed.
The reconventional demand of the defendant was abandoned in the lower court and is not an issue before us. The main demand of plaintiff which was awarded by the lower court was stipulated as being correct in the event of liability on the part of defendants and therefore, is not an issue before us. The item of $135 claimed in the original suit is considered abandoned for the reason that the present appeal has not been answered by the plaintiff and for the reason that in his brief, the plaintiff merely prays for the affirmance of the judgment below. The only issue before us on the appeal is whether or not the trial judge committed any manifest error in his finding of fact that the collision was caused solely by the negligence of the defendant Leyden.
The only evidence in the record is the testimony of the plaintiff himself, the defendant Leyden and the witness Disney, who arrived at the scene of the collision shortly after its occurrence for the purpose of removing the two damaged automobiles. It is testified by the interested parties that the accident was investigated by the police but there is no testimony by any investigating officer and no explanation by either side as to the absence of such testimony.
The plaintiff testified that he was proceeding south on Hiawatha Street at about twenty miles per hour; that he could not see east on Chippewa Street until within about twenty feet from the intersection because of a building at the northeast corner thereof and that at that time he saw the defendant’s automobile traveling west and proceeded to approach the intersection but that when he saw that the defendant was entering the intersection without stopping, he immediately applied his brakes in order to attempt to stop and to thereby avoid the accident, but that it was too late to do so.
The defendant, on the other hand, testifies that he came to a full stop at the intersection and that he looked to his right and seeing that the plaintiff was about a half a block from the intersection, he felt that he had ample time to negotiate the intersection ahead of plaintiff and consequently attempted to do so, driving in low gear at a rate of about five miles per hour.
Both the plaintiff and the defendant testified that the plaintiff’s automobile, a 1941 Cadillac Coupe, after the collision was in the northwest quadrant of the intersection facing west on Chippewa Street and the defendant’s 1941 Chevrolet automobile was facing west on the south side of Chippewa Street at a distance of one car length or more west from plaintiff’s Cadillac. That testimony of both parties to this suit is corroborated by the witness Disney.
On this testimony the trial judge came to the conclusion: “It is my opinion that the sole proximate cause of this accident was the negligence of defendant Leyden in entering the intersection without stopping when the vehicle driven by plaintiff was in such close proximity that the driver thereof exercising reasonable care was unable to avoid the accident.”
*567 We cannot find manifest error in that conclusion of fact because if the defendant Leyden did come to a complete stop at the intersection and did then shift to low gear, he had ample time to see plaintiff approaching on the favored street and should have respected plaintiff’s right of way. Of course, he states that plaintiff was at that time a half a block away, but obviously he is mistaken for the plaintiff from that distance could not have reached the intersection before the defendant had crossed even if he was driving at twenty miles per hour and the defendant in effect testifies that plaintiff was driving at even a slower rate. The defendant Leyden either did not see the plaintiff at all or else used poor judgment in attempting to preempt his clear right of way. The physical facts indicate that the plaintiff’s version that defendant Leyden did not stop at the intersection is correct. It is difficult to see how defendant Leyden driving a light Chevrolet in low gear could have collided with the right side of his car with the front end of the heavier Cadillac (on which the brakes had been applied and which had skidded some eighteen feet before the collision) and caused the Cadillac to swerve to its right in a western direction and then continued west and south a distance of more than a car length.
We agree with the plaintiff that the facts in the case at bar are similar to the facts in the case of Dickerson et ux. v. Lorren, La.App., 45 So.2d 221, and that as brought -out in the cited case, this is not a case wherein a driver on a right of way street .attempted to force his way over the driver on the less favored street. As in the Lor-ren case it seems probable that the defendant herein entered the intersection first, but from the evidence, including his own testimony, we cannot find that he was justified in doing so and that considering the proximity of plaintiff’s car to the intersection, the defendant should not have assumed that he could safely cross the intersection without a collision and his negligence in proceeding into the intersection, under the facts and circumstances of this ■case, was the sole proximate cause of the accident. There is some question as to whether the plaintiff crashed into the right side of defendant’s car or whether the defendant sideswiped the front of plaintiff’s car, but the material conclusion is that the plaintiff was fully justified in assuming that his right of way would be respected by the defendant; that when he saw that it was not so respected and that thereby an emergency was created, he did everything in his power, to wit, he applied his brakes immediately, to avoid the collision, but to no avail.
For these reasons, the judgment appealed from is affirmed.