McBRIDE, Judge.
The plaintiff, Paul V. Guillot, the owner and operator of a 1940 Lincoln automobile, which had been converted into a milk delivery truck, filed this suit seeking to recover the sum of $1,536.02, representing property damage incurred to hiá automobile, attendant expenses, and loss of his business, and also the sum of $5000 for personal injuries, by virtue of a collision which occurred at the intersection of Low-erline and Willow Streets, with a Hudson sedan automobile operated by Netty Lee Blanchard (now Mrs. LaHaye). Implead-ed as defendants are the driver, owner, and liability insurer of the Hudson sedan.
Defendants’ answer denies that Mrs. La-Haye was guilty of any negligence whatsoever, and it is averred that the collision was caused solely as a result of the negligence of plaintiff, and, in the alternative, plaintiff is charged with contributory negligence.
From a judgment below dismissing his suit, plaintiff has appealed.
The record shows that at the time of the accident both streets in question were “blacktopped,” and that there were no official signals or signs controlling the movement of traffic crossing the intersection. Appearing as a witness for plaintiff, besides himself, was a Mr. Raymond Lavier. The only witness testifying for defendants as to the circumstances surrounding the accident was Mrs. LaHaye, who drove the sedan.
As is usual in cases of this kind, the testimony of the witnesses is highly contradictory and they seem to agree on exactly nothing. Guillot’s testimony is that he was driving his milk truck at about 20 miles per hour on Willow Street in the general direction of Carrollton Avenue; that he is familiar with the intersection as he has driven vehicles in the vicinity for about sixteen years. His statement is that upon reaching a point about 40 to 50 feet from the intersection he first sighted the Hudson sedan approaching from his right on Low-erli'ne Street, and that it was then about one-half of a block away from the intersection. Guillot believed that his car had ample time to make the crossing before the other vehicle and continued his forward *923 movement. He states that his truck was better than halfway across the crossing and was traveling at 5 miles per hour when the Hudson sedan crashed into its right front fender, the force of the impact throwing the truck against and causing considerable damage to a house situated on the uptown river corner. The sedan hit a tree on the same corner and came to rest parallel with the truck.
Guillot when asked why he continued on his way after having observed the approaching sedan answered:
“I figured she would slack down a little bit, and the distance was so much greater between her and me at the end of the intersection there.that I was 100 per cent safe. If she would have tried to put her brakes on a little bit, she would have given me plenty chance to make it; but when I saw it was too late, all I could do was slam my brakes on.”
Lavier states that from a point 60 feet from Willow Street he observed the approaching Hudson sedan which was traveling on Lowérline Street toward the direction of the river, and that it was coming “pretty fast.” He did not see the truck until the impact, and the only worth of his testimony is that Mrs. LaHaye did not slow down or stop her car before emerging into the intersection.
On the other hand, Mrs. LaHaye testified that she slowed down before entering Willow Street. She was traveling at about 20 to 25 miles per hour, and when she reached a point about 30 feet from the intersection she saw the milk truck on Willow Street about 75 feet away from the intersection.
Mrs. LaHaye denies that her car struck the truck, and, on the contrary, claims that the truck crashed into the Hudson sedan at about its left rear fender.
Plaintiff’s counsel frankly concede that unless the court finds that Guillot had preempted the intersection, plaintiff cannot succeed in his suit. It is not disputed that Mrs. LaHaye, who was approaching the truck from its right, normally would have had the right of way to proceed across the intersection. But the argument is made that whereas the milk truck pre-empted the intersection, its driver acquired a superior right of way to which Mrs. LaHaye should have yielded and respected.
The evidence reflects that the collision occurred just as the truck had passed the center of the intersection.
What is meant by the pre-emption of an intersection in such a situation as we have before us is clearly set forth in Waller v. Rapides Grocery Co., La.App., 22 So.2d 407, 409, in which it was said:
“It is true that the mere failure of the driver of a vehicle to stop before crossing a right-of-way street is not, in itself, sufficient to convict him of liability for a resulting collision. But, this is true only where such vehicle has pre-empted the intersection by a sufficient margin of both time and distance as would enable, the driver of a vehicle approaching the intersection on a right-of-way thoroughfare to avoid a collision through the exercise of reasonable care. * * * ”
We do not think that it would be in order to say that Guillot’s truck had preempted the intersection to such an extent, as would have accorded it the right of way over the Hudson sedan. The two vehicles were traveling about the same speed, namely 20 to 25 miles an hour, and there is no doubt that, each driver saw or should have seen the other at about the same distance from the intersection. There was every reason for both drivers to have assumed an attitude of caution before emerging into the intersection. Had either been alert, and had their automobiles been under proper supervision and control and were being operated in accordance with the circumstances then and there prevailing, or had the drivers entertained even the slightest regard for théir own safety, the accident could not possibly have happened. *924 This is one of those cases in which we believe we are correct in stating that each driver attempted imprudently to cross the intersection ahead of the other. Guillot entertained the unfortunate assumption that Mrs. LaHay.e “would slack down a little bit.” It has been often said “as a rule” intersectional collisions could be avoided if the driver of either vehicle exercises proper care and caution, and that is the situation here. See Guernsey v. Toye Bros. Yellow Calb Co., La.App., 172 So. 459.
We find no error in the judgment appealed from.
For the reasons assigned the judgment will be affirmed.
Affirmed.