76 So.2d 572 (1954)
Mrs. Dorothy Pettis DODD and T. J. Dodd, Plaintiffs-Appellees,
v.
Berl B. BASS and Manufacturers Casualty Insurance Company, Defendants-Appellants.
No. 8184.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1954.
Rehearing Denied January 4, 1955.
*573 Theus, Grisham, Davis & Leigh, Monroe, for appellants.
Madison, Madison, Files & Shell, Bastrop, for appellees.
GLADNEY, Judge.
Mrs. Dorothy Pettis Dodd and her husband, T. J. Dodd, brought this suit against the defendant Berl B. Bass and his insurance carrier for damages, allegedly sustained in an automobile collision on April 9, 1953, about 3:30 o'clock P.M. at the intersection of Harrington and Robert Streets in Bastrop, Louisiana. The defendant, Berl B. Bass, by counterclaim has reconvened to claim indemnity for loss of property and for personal injuries.
After trial there was judgment in favor of Mrs. Dodd for $1,200 and in favor of Mr. Dodd for $825. Respondent's reconventional demand was dismissed. From this ruling defendants have appealed, and Mrs. Dodd has answered the appeal asking that the amount awarded to her be increased from $1,200 to $4,500.
The intersection where the collision occurred is formed by two graveled streets, neither of which is subjected to a great deal of traffic. Harrington Street runs in an easterly-westerly direction and Robert Street runs in a northerly-southerly direction. Each street is approximately 30 feet in width with the graveled or traveled portion thereof being about 16 feet wide. On the northeast corner of the intersection a house faces Harrington Street and sets back from said street a distance of from 15 feet, as estimated by Police Officer Jordan, to 31 feet, according to a measurement testified to by Bass. The house comes *574 to within 5 feet or 6 feet of the east line of Robert Street according to both of the above named witnesses. Interfering with the vision of motorists approaching the intersection from the east and north were cane bushes growing in front of the house on the north side of Harrington Street and a plum or blackberry thicket growing along Harrington Street about 60 feet east of Robert Street. Neither street is accorded the right of way by ordinance of the City of Bastrop. There is no signal light or stop sign at the intersection.
At the time of the collision Mrs. Dodd was traveling west on Harrington Street, and Bass was traveling south on Robert Street. Mrs. Dodd, as was Bass, was alone in the automobile as she approached the intersection and the evidence indicated clearly the speed of each vehicle was approximately 20 or 25 miles per hour. The point of impact was fixed at a point near the center of the intersection and in the northwest quadrant thereof from 3 to 5 feet west of the center line of Robert Street and about the same distance north of the center line of Harrington Street. Mrs. Dodd testified the collision occurred almost in the center of the intersection. Officer Beckworth testified the point of impact was slightly beyond the center of the street, and by "slightly" he said he meant approximately 3 or 4 feet. Police Officer Jordan stated the impact was in the northwest quarter of the intersection a little past the center of Robert Street.
The graveled street surface in the intersection was dry and dusty as skid or tire marks from either vehicle were not noticeable. The evidence plainly shows the front end of the Bass car came into contact with the right front fender of the Dodd car. Photographs of the Dodd car convincingly fix the main point of impact upon the Dodd car as just above the right front wheel. Mrs. Dodd, however, testified the front end of the Bass car hit the right front of her car between the door and the fender, meaning the right front door and the right front fender. She further testified the intersection was not an open one and "you would almost have to be in it before you could see down each side of the street". She stated that as she entered Robert Street she looked to the left and then to the right and "Mr. Bass was upon me and I seen he was going to hit me and tried to turn left." Bass admitted that he did not see the Dodd car until within a distance of about 6 or 8 feet, due to obstruction of his view by the house and shrubbery in the northeast corner of the intersection. Mrs. Dodd and Bass were the only eyewitnesses to the accident.
The district court in awarding judgment for Mrs. Dodd found she entered the intersection, traversed the east one-half of Robert Street, and had crossed over the center and was on the west side of Robert Street when she was struck. From this he concluded Mrs. Dodd preempted the intersection and Bass should have permitted her to cross. Liability was imposed upon Bass due to his failure to keep a proper lookout, and the trial court held this factor was the proximate cause of the accident.
After close consideration of the related facts we are of the opinion our brother of the district court was in error in finding Mrs. Dodd preempted the intersection. While it is true it has been repeatedly held the automobile which first enters the intersection has the right to proceed, having the right of way over any automobile approaching at right angles, and that the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent and that this is so even though the car entering the intersection secondly in point of time is being driven on a right of way street, Gauthier v. Fogleman, La.App., 1951, 50 So.2d 321, and authorities cited therein, we are nonetheless of the opinion the rule so stated has no application in the instant case. We so resolve for the evidence conclusively shows the two automobiles here involved entered the intersection at approximately the same time. That the Dodd car may have proceeded a few feet beyond the center of Robert Street is not proof it preempted the intersection, but rather, we *575 think, it shows the contrary. The rule, we think, with special application under the circumstances here presented, and enunciated on many occasions, is that preemption of an intersection under the provisions established by our jurisprudence, does not mean the prior entry of the vehicle simply by a matter of a few feet, or in relation to the time element, by a fraction of a second ahead of another vehicle, but in order to support a charge of negligence such preemption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under reasonable and normal circumstances and conditions. Butler v. O'Neal, La.App., 1946, 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 1950, 44 So.2d 127; Boudreaux v. Moreau, La.App., 1954, 73 So.2d 192. The responsibility thus imposed upon the vehicle which may perhaps reach the intersection by a very small margin in time or distance over a vehicle approaching at right angles, is that the driver and especially the driver on a non-right of way street, must be sure that he has a sufficient margin of both time and distance to clear the intersection without danger. Waller v. Rapides Grocery Co., La.App., 1945, 22 So.2d 407. The testimony of the parties who were the only eyewitnesses to the collision, coupled with the location of the point of impact between the two vehicles, has convinced us that Mrs. Dodd did not have the right to proceed across the intersection because she could not do so without danger of a collision with the Bass car which was approaching the intersection at about the same time on the intersecting street.
We observe the testimony indicates neither driver saw each other until it was too late to avoid a collision and this was due to the more or less obstructed vision across the northeast corner of the intersection. The effect of this, of course, is to impose a greater degree of care upon both motorists who were approaching the intersection.
Counsel has contended earnestly and sought to adduce evidence that Harrington Street is a more frequently traveled street than Robert Street, and therefore, in the absence of designation of a right of way by the city ordinance, it was incumbent upon Bass to yield the right of way to Mrs. Dodd. The favored street rule sought to be invoked must yield to statutory provisions of the Louisiana Highway Regulatory Act which accorded the vehicle driven by Bass the right of way over that driven by Mrs. Dodd. LSA-R.S. 32:237, subd. A; Van Dyke v. Waguespack, La. App., 1940, 198 So. 425; Allen v. Joshlin, La.App., 1953, 66 So.2d 428; Guillot v. Blanchard, La.App., 1954, 69 So.2d 922.
Although the law actually accorded to Bass the right of way, we are of the opinion Bass was negligent in failing to observe the Dodd car in time to take measures for avoidance of the collision. Neither of the vehicles was traveling at an undue rate of speed and despite the obstruction to his vision he should have sooner observed the Dodd automobile. Had he been alert the collision may have been avoided. This statement applies as strongly to Mrs. Dodd. Certainly, she should have observed the approach of Bass. It was due to the inattention of both motorists that the collision occurred.
Guillot v. Blanchard, La.App., 1954, 69 So.2d 922, presents facts somewhat similar to those found here and recovery was denied. In the cited case, the court found the truck driver and motorist who were traveling about the same rate of speed should have seen each other at about the same distance from the intersection, and had either party had his vehicle under proper control or entertained even the slightest regard for his own safety, the accident could not have happened. For the foregoing reasons we have concluded that the negligence of both drivers was concurrent for either driver could have prevented the accident but failed to do so because of inattention and lack of caution.
For the foregoing reasons that portion of the judgment appealed from relating to the principal demands is annulled and reversed and affirmed only as to the ruling on *576 the reconventional demand. It is therefore ordered that there be judgment in favor of defendant rejecting plaintiff's demands in toto, and it is further ordered that the reconventional demand of defendant Bass be denied. Appellants shall pay all costs, including costs of the appeal.