LOTTINGER, Judge.
Petitioner filed this suit claiming property damages in the sum of $358.02. Defendant filed answer negativing any liability on his part, and reconvened for $300 as his property damages as a result of said accident. The Lower Court awarded damages to petitioner as prayed for. Defendant has appealed.
The accident occurred at the intersection of Plighway No. 7 and North Border Drive in the City of Bogalusa at about 4 p. m. on January 25, 1954. The record shows that Highway No. 7 runs North and South, whereas North Border Drive runs East and West. Highway No. 7 is a blacktopped road, the blacktop being about 20 feet in width. South of the intersection the total width of Highway No. 7 is 100 feet, including the shoulders, however, it is shown by the record that its width north of the intersection is somewhat narrower, the exact width not being shown. North Border Drive is 80 feet in width.
On the afternoon of January 25, 1954, petitioner was driving south on Highway No. 7. He was accompanied by his wife, who was seated to his right on the front seat. At the same time, defendant was driving east on North Border Drive. Upon reaching the intersection, defendant at *442 tempted to execute a left turn into Highway No. 7 when the collision occurred. The record indicates that the front of the petitioner’s car struck the left side of the defendant’s truck at about the front of the left rear fender.
Immediately after the accident, the petitioner’s car stopped just north of the center line of North Border Drive and rested with its left front wheel about two feet east of the center line of Highway No. 7 on a 45 degree angle and the front end of petitioner’s car was resting about in the center of the intersection. Petitioner’s car did not move after the accident. The defendant’s truck came to rest in North Border Drive at a distance of 50 or 60 feet east of the easternmost boundary of Highway No. 7. Highway No. 7 is a right of way street. There is a stop sign on North Border Drive at its intersection with Highway No. 7.
As is usual in cases of this type where intersectional collisions are involved there is a vast dispute in the testimony relating to the manner of the happening of said accident. It is the contention of the plaintiff and his wife who was a passenger in the car at the time, that defendant failed to stop at a stop sign on North Border Drive and pulled out in front of his car on Highway No. 7, a right of way street. It is the contention of the defendant and one other witness, who was supposed to be following him at the time, that he stopped at said stop sign, saw the car of plaintiff approaching and thinking that he had ample and sufficient time to make his left turn, he pulled into the highway and had turned a 45 degree angle to the north prior to the time of the accident and had completely traversed said intersection. As stated there is a great deal of conflict in this testimony. We believe however that the case can be disposed of on the physical facts as found in this record.
The police officers who investigated the accident, just a short period of time after same had occurred, stated that they found no skid marks of either plaintiff’s or defendant’s car other than a short skid mark of approximately 2 feet running east and?, west which had been caused by plaintiff’scar from the impact of the collision. Be that as it may however, one other witness of defendant testified that he found skid marks running north and south on Highway No. 7 for a distance of approximately 33-feet before the impact and a skid mark of approximately 2 feet running east and west where plaintiff’s car had been dragged as a result of the impact. It appears from this record that the skid marks 33 feet measuring north and south were observed by this-witness a considerable time after the accident had occurred and after several cars and a funeral procession had passed over the exact area. Plaintiff and his wife state that prior to the time of the accident they were traveling approximately 20 to 25 miles per hour and that when plaintiff saw the defendant attempting to negotiate the intersection that plaintiff applied his brakes and that plaintiff’s car was stopped or practically stopped at the time of the impact. According to the speed chart as found in Blashfield Section 6237, the actual braking distance after having applied the brakes for a car traveling 20 miles an hour is 18 feet and for a car traveling 30 miles an hour is 40 feet. In view of the fact that plaintiff’s car did not move any more forward after the impact but only moved approximately 2 feet eastward after the impact would lead us to believe that plaintiff’s car was about stopped or had stopped at the time of the impact or at least that plaintiff’s car was not traveling at any rate greater than 30 miles an hour prior to the accident. As the speed limit in the City of Bogalusa is 30 miles per hour, we conclude that petitioner was traveling at a reasonable and careful rate of speed on a favored street, immediately before the accident.. Considering the position of plaintiff’s car in the intersection after the impact and the fact that defendant’s vehicle was struck on the front end of the left rear fender, we. must come to the conclusion that the impact occurred on the west side of the highway No. 7 in said intersection and which would further indicate that the defendant had not legally preempted said intersection.
*443 It appears to this Court that either the -defendant did not stop at the intersection, as required by the stop sign, or that, after stopping, he speeded his truck in an attempt to beat the petitioner across the -intersection. This is shown by the fact that the truck turned over, skidded on its side, rolled back right side up and ended up at a distance of 50 to 60 feet down the street. Taking into consideration the width of the Highway No. 7, and the distance away from its eastern edge that the truck came to rest, we feel that defendant must have been going at a considerable rate of speed, ■especially considering the fact that he ■claims to have stopped at the stop sign.
Considering the above facts, we do not Toelieve that the defendant is able to claim the right of preemption. The record reveals that the petitioner applied his brakes in an attempt to stop and avoid the collision. The record further reveals that defendant was not only entering a favored street, but ■thát he was also .turning left ■ into it, in spite of the approach of petitioner from’the •defendant’s left.
In Gayle v. J. Ray McDermott & Co., Inc., La.App., 34 So.2d 631, 633, the Court ■said:
“What is meant by the preemption of an intersection in such a situation is clearly set forth in Waller v. Rapides Grocery Co., La.App., 22 So.2d 407, 409, in which the Court said, that while it is true, that a driver whose vehicle has actually preempted the intersection may not be negligent ■ in failing to accord the right of way to the other vehicle, this is only true * * - where such vehicle has pre-empted the intersection by a sufficient margin of both time and distance as would enable the driver of a vehicle approaching the intersection on a right-of-way thoroughfare to avoid a collision ’ through the exercise of reasonable care.’ ”
See also Huerstel v. L. Mangano & Co., La.App., 39 So.2d 460.
The record discloses no act of negligence on the part of petitioner. The physical evidence sustains petitioner’s claim that he was proceeding at a speed of about 25 to 30 miles per hour. The evidence further shows that either defendant failed to stop at the stop sign, or that he did stop but then attempted to beat petitioner across the intersection. In either event, he does not have a claim of preemption, as a right of preemption is not accorded a party entering an intersection in a careless and negligent manner. ■
We are unable to find any error by the Lower Court, and its judgment will be affirmed, all costs of this appeal to be paid by 'defendant.
Judgment affirmed.