83 So.2d 912 (1955)
Mr. & Mrs. Ed BAHRY, Plaintiffs-Appellants,
v.
George FOLSE and Travelers Indemnity Company, Defendants-Appellees.
No. 4078.
Court of Appeal of Louisiana, First Circuit.
November 22, 1955.
Rehearing Denied December 30, 1955.
Writ of Certiorari Denied February 23, 1956.
*913 Blanchard & Blanchard, Donaldsonville, for appellants.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
TATE, Judge.
The intersectional collision giving rise to this damage suit took place at about 10 p. m. on May 26, 1953, in Donaldsonville, Louisiana, and involved the Bahry Pontiac Station Wagon and the Folse Ford sedan. This suit is by Ed Bahry, as driver of the Pontiac, and his wife as passenger, against the owner and liability insurer of the Ford sedan, which at the time of the accident was being driven by defendant Folse's major son, Dexter Folse. Consolidated for trial and for hearing on this appeal is the companion suit by George Folse, owner of the Ford, against the Bahrys and the Bahry liability insurer, a separate decree in which is rendered below at La.App., 83 So.2d 914.
Plaintiff's appeal herein from judgment of the District Court rejecting the demand both of the motorist and of the passenger. Bahry and his insurer further appeal from judgment in the companion suit awarding damages to Folse.
The District Court found, and the record indicates, the facts to be: Dexter Folse was driving south on Chetimaches Street, which is a favored or right of way street. Bahry was driving west on Claiborne Street. There was a street light at the intersection of Chetimaches and Claiborne Streets. Chetimaches Street is straight for several blocks. There were stop signs on Claiborne Street controlling the entrance of Claiborne traffic onto Chetimaches Street. Based on the testimony of Folse, his passengers, and a motorist and passenger in a car following Folse, the District Court found that the sole proximate cause of the accident was the negligence of Bahry in driving onto the superior thoroughfare immediately in front of Folse, who was unable to avoid colliding with the right rear door of the Bahry Station Wagon. According to Folse, this vehicle entered the intersection when he was not more than 50 feet therefrom; he immediately applied his brakes, but was unable to avoid striking Bahry. The investigating policeman testified that Bahry made heavy double brake marks 25 feet in length before striking the Folse Ford.
There is little doubt that Bahry's negligence in entering on the right of way thoroughfare, after failing to observe the oncoming Folse automobile, was as found by the trial court a proximate cause of the accident. But even so, the Bahry's urge, such negligence should not bar the recovery of Mrs. Bahry, since the driver's negligence is not imputed to a passenger. It is necessary to consider whether any negligence of Dexter Folse was a contributory proximate cause of the accident.
The driver on the right of way thoroughfare is ordinarily entitled to assume that drivers from sidestreets will not enter on the superior thoroughfare in his path, especially when he knows that a stopsign inhibits entrance from the inferior street; Federal Insurance Company v. Lepine, La.App. 1 Cir., 55 So.2d 83, Droddy v. Southern Bus Lines, Inc., La.App. 1 Cir., 26 So.2d 761, Termini v. Aetna Life Insurance Company, La.App. 1 Cir., 19 So.2d 286.
Bahry seeks to avoid application of this principle on the grounds that: (1) he had pre-empted the intersection; (2) Dexter Folse's excessive speed caused or contributed to the accident.
Bahry urges that he had preempted the intersection because the front part of his vehicle had crossed at least 2-3 feet over the center line of the intersection when he was struck on his right rear door by the Folse vehicle. But pre-emption requires not only the first entrance into the intersection, but that such intersection be entered with the reasonable opportunity and expectation of clearing same without obstruction to the crossing thereof by other *914 vehicles, see Harris v. Travelers Indemnity Company of Hartford, Conn., La.App., 70 So.2d 235. "The right of pre-emption is not accorded the driver who blindly enters a favored street, without regard to oncoming traffic, and then attempts to absolve himself of liability because of the mere fact that he was there first", Sonnier v. U. S. Fidelity & Guaranty Co., La.App. 1 Cir., 79 So.2d 635, at page 638.
Bahry urges that Folse must have been proceeding at excessive speed because even after leaving heavy skidmarks 25 feet in length, the lighter Ford sedan struck the heavier Pontiac Station Wagon approximately mid-center (on the rear door), and turned it over on its top, causing it to bend down a slender steel signpost. In the first place, we do not believe the physical evidence to be so compelling as to cause us to disregard as untrue the positive sworn testimony of several witnesses that Folse's speed was only slightly over the legal limit, testimony found to be credible by the District Court. But in the second place, even if Folse's speed had been excessive, such excessive speed is not shown to be a proximate cause of this accident, since the Bahry Station Wagon pulled suddenly into Folse's path when the latter was just a short distance from the intersection.
The sole proximate cause of the accident was thus Bahry's negligent entry onto the main thoroughfare in the face of oncoming traffic, Robbins v. Mydland, La. App. 1 Cir., 81 So.2d 561, Dickerson v. Lorren, La.App. 1 Cir., 45 So.2d 221, as it does not appear that Folse could have avoided the accident thereafter whether going at excessive speed or not. This case is distinguished from cases such as Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143, Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321, relied upon by Bahry, wherein the oncoming driver approaching on the superior thoroughfare was sufficiently distant from the intersection that he might have avoided the accident if he had not been proceeding at an excessive speed.
For the above and foregoing reasons, the judgment herein of the District Court rejecting the demands of both plaintiffs, motorist and passenger, is affirmed. Cost of this appeal to be paid by plaintiffs.