94 So.2d 83 (1957)
COMMERCIAL CREDIT CORPORATION
v.
Wilmer Louis SERPAS and The Travelers Indemnity Company.
No. 4372.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
*84 Taylor, Porter, Brooks, Fuller & Phillips, Tom F. Phillips, Baton Rouge, for appellant.
David E. Cooley, Theo. F. Cangelosi, Baton Rouge, for appellees.
LOTTINGER, Judge.
This is a suit for property damages resulting from an automobile collision. The suit is by Commercial Credit Corporation, which was the owner of one of the vehicles, and is against Wilmer Louis Serpas and his insurer, The Travelers Indemnity Company. The Lower Court gave judgment in favor of petitioner and the defendant has appealed.
The facts show that the collision occurred at the intersection of Royal Street and Louisiana Avenue in the City of Baton Rouge, Louisiana. Royal Street runs north and south, while Louisiana Avenue runs east and west. Both streets are the same width (24 ft.) and neither is a favored or "through" street. Petitioner's vehicle was being driven south on Royal Street and defendant's vehicle was being driven west on Louisiana Avenue. Each party testified that his speed immediately prior to the accident was from 20 to 25 miles per hour. The streets are both black-topped and were wet at the time of the accident. Although it was not raining at the moment of impact, it had rained shortly prior thereto.
The Lower Court assigned no written reason for its judgment in favor of petitioner. The defendant has taken a suspensive appeal from the judgment of the Lower Court.
The petitioner testified that he was proceeding in a southerly direction on Royal Street immediately prior to the accident. As he approached the intersection with Louisiana Avenue, he testified that he slowed down and looked to see whether any automobiles were approaching on Louisiana Avenue. He could see clearly for a distance of some fifty (50) yards to his left but did not see anyone approaching, prior to his entry into the intersection. The defendant's vehicle struck the left rear end of the petitioner's vehicle, spinning the petitioner around 180 degrees and petitioner's car came to rest approximately thirty (30') feet further south and with the rear end resting against a telephone pole on the west side of Royal Street south of the intersection. It is evident that, had it not been for the pole, the petitioner's vehicle would have gone considerably further, as the force of the impact with the pole did considerable damage to the petitioner's vehicle.
The defendant on the other hand testified that he was proceeding from 20 to 25 miles per hour in a westerly direction on Louisiana Avenue immediately prior to the accident. He testified that he saw the petitioner's vehicle approaching and applied his brakes. The evidence discloses that the defendant's vehicle skidded some thirty-five (35') feet before the impact, *85 and that after the impact the defendant's vehicle traveled an additional distance of eight (8') feet in a westerly direction. The defendant claims that the petitioner was guilty of contributory negligence in entering the intersection in the face of oncoming traffic, which he had seen or should have seen.
There is no question but that the defendant was guilty of negligence. The evidence discloses that the accident occurred between 7:00 and 7:30 o'clock p.m. on November 18th, 1954. The front of defendant's automobile collided with the left rear fender of the plaintiff's car in the approximate center of the intersection. There is no question but that the defendant skidded thirty-five (35') feet prior to the impact and that his car moved an additional eight (8') feet after the impact. The table in Blashfield Cyclopedia of Automobile Law & Practice shows that a car proceeding at thirty (30) miles per hour would travel a distance of forty-four (44') feet per second. The reaction time of a driver of such vehicle traveling at such a speed would require a distance of thirty-three (33') feet between the time he first noticed the danger and the time he would actually apply his brakes. After application of the brakes, the car would travel a distance of forty (40') feet before coming to a stop. The total stopping distance at thirty (30) miles per hour would therefore be seventy-three (73') feet. Now it appears to us that the defendant must have been traveling in excess of thirty (30) miles per hour at the time he first noticed the danger. Such conclusion is based upon his skid of thirty-five (35') feet prior to the impact, the force of the impact which spun the other car around and did considerable damage thereto, and the further fact that he traveled an additional eight (8') feet after the impact. Of course, we fully realize that the street was wet which very possibly would require a longer stopping distance. However, in view of the wet street, we believe it was more apparent for the defendant to exercise more precaution and proceed at a lower rate of speed.
The law of our state is to the effect that when neither street has been specifically designated a right of way street, and when two vehicles approach or enter an intersection at approximately the same time, the car approaching from the right shall be favored and shall have the right of way. This rule, in this particular case, would give the petitioner the right of way. Another rule of our state is that the person who preempts an intersection shall have the right of way. This rule, however, is based upon the fact that at the time of entering the intersection, the party had a reasonable possibility of clearing the right of way without interfering with oncoming traffic. Certainly, under the facts of this case the right of preemption does not apply to the defendant.
Under the situation presented in this case, the petitioner had the right of way over the defendant, who was approaching from his left. We feel that the petitioner had the right to enter the intersection assuming that such persons would respect his superior right. This assumption would prevail unless it is shown that the petitioner knew of the apparent danger or should have known of the apparent danger in time to stop and avoid the accident. The petitioner claims that he looked and saw no one approaching. The mere fact he failed to see whether the other automobile stopped to respect his right of way or did not stop does not necessarily constitute contributory negligence. To bar recovery, the deficient lookout must be a proximate cause of the accident. See Gautreaux v. Southern Farm Bureau Casualty Company, La.App., 83 So.2d 667. A motorist crossing an intersection has the right to rely on the assumption that those approaching it will respect his right of way and accordingly he may proceed. If, however, in driving on the favored street he sees, or in the exercise of due care should see, that the other vehicle neglected to make the stop required by law, the motorist may himself be under a duty of stopping if by the exercise of reasonable care on his part the accident *86 could have been avoided. Under the facts in the case at bar, plaintiff, who had the right of way, stated that he looked before entering the intersection of only 24 feet wide and saw no one. Assuming he had seen defendant's vehicle at that time we are still of the opinion that he could not have avoided the accident. Plaintiff contends that in approaching the intersection he was traveling approximately 20 to 25 miles per hour and that he slowed down for the intersection and that at the moment of impact he may have been moving at about 15 to 20 miles per hour. According to the chart in Blashfield an automobile traveling at 20 miles per hour is moving at the speed of 29 feet per second, that it requires 22 feet for reaction time and a total distance of 40 feet in which to stop. At this speed some charts place the total stopping distance at fifty-nine feet. Using either of these charts, we do not believe plaintiff's deficiency was or can be considered a proximate cause of the accident when we consider the relative rights and duties of the respective parties and the width of the intersection.
We feel that the proximate cause of the accident was the excessive rate of speed of the defendant plus the fact that he failed to accord the right of way to a favored traffic. We further feel, and we believe that the evidence justifies our conclusion, that the petitioner was driving as a reasonably prudent driver, and that he was guilty of no negligence which would be a proximate cause of the accident. The record shows that there were cars parked on both sides of Louisiana Avenue which required the defendant to drive approximately in the center of said street. This could possibly account for the fact that the petitioner did not see the defendant approaching. The record further discloses that this was an uncontrolled intersection; there were no signal lights or stop signs on either street. As petitioner was approaching from the defendant's right, the petitioner had the right of way. The record further shows that, upon noticing the danger, defendant applied his brakes, skidded some thirty-five (35') feet, struck the petitioner's vehicle, and then proceeded an additional eight (8') feet. The petitioner's vehicle, as a result of the blow, skidded around a 180 degree circle, jumped the curbing, and was stopped a distance of thirty (30') feet south of the point of impact by a telephone pole.
This Court has recently upheld the rule that right of way traffic is entitled to approach and enter an intersection even if it observes traffic approaching on an inferior thoroughfare, because superior traffic is entitled to rely upon the assumption that the others will respect the superior's right of way. Brashers v. Tyson, La.App., 86 So.2d 255; Bahry v. Folse, La.App., 83 So.2d 912; and Gautreaux v. Southern Farm Bureau, La.App., 83 So.2d 667. This rule applies unless the superior motorist should reasonably realize the danger in time to stop and avoid the accident. Miller v. Abshire, La.App., 68 So.2d 143 and Droddy v. Southern Bus Lines, La.App., 26 So.2d 761.
The only question before the Court is that of fact. It appears that the proximate cause of the accident was the excessive speed of the defendant, coupled with his failure to recognize petitioner's right of way. Furthermore, this court will not reverse the decision of a Lower Court on questions of fact, except for manifest error. We have found no manifest error in the conclusion of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the defendant.
Judgment affirmed.