95 So.2d 197 (1957)
Oledaus GUILLORY, Jr.,
v.
Armogene FRANK.
No. 4402.
Court of Appeal of Louisiana, First Circuit.
May 2, 1957.
Rehearing Denied June 4, 1957.
Writ of Certiorari Denied October 8, 1957.
*198 Guillory & Guillory, Eunice, for appellant.
Fusilier & Vidrine, Ville Platte, for appellee.
ELLIS, Judge.
This damage suit was brought as a result of an intersectional collision involving a 1953 Chevrolet automobile owned and driven by the plaintiff Oledaus Guillory, Jr. and a 1949 Chevrolet automobile owned by Eugene Frank and driven by Armogene Frank. The accident occurred at an intersection of the paved highway 26 and a gravel street in the town of Mamou at approximately 8:30 A.M. on August 21, 1954. The defendant entered a general denial. Thereafter the defendant and Eugene Frank, owner of the 1949 Chevrolet automobile, filed a suit entitled Rev. Armogene Frank et al. v. Oledaus Guillory, Jr. and his liability insurer, Marquette Casualty Co., et al. for physical injuries and damages to the automobile. These companion cases were consolidated for trial on the merits and for hearing on this suspensive appeal which was perfected by defendant-appellants herein when judgment was rendered for plaintiff by the trial court.
The plaintiff was driving his automobile along Louisiana State Highway 26 at about 8:30 o'clock A.M. on the date of the accident in a 45 miles per hour speed zone. He turned a right angle corner and proceeded in a southerly direction toward the next intersection, the northeast corner of which was substantially blocked by a house and shrubs. When about 25 feet from the intersection, he and his companion, Ludger Miller, both noticed the defendant's automobile had entered the intersection. Plaintiff immediately applied his brakes and swerved to the left in a vain attempt to avoid the ensuing collision.
*199 There is some conflict in the testimony regarding the length of the skid marks which were made after Guillory applied his brakes. Guillory, Miller and the mechanic, J. C. Perron, testified to the effect that the skid marks were about 25 feet long. Eugene Frank testified that he measured the skid marks in the presence of the police officer and they were about 96 feet in length, however, the police officer did not testify.
The record reveals that Frank's automobile continued to travel in a westerly direction from the point of impact for approximately 100 feet through a ditch one and one half feet deep, through a picket fence until it crashed against a pecan tree. The point of impact was on the gravel street on the very edge of the paved highway. The automobiles apparently collided lengthwise and Guillory's vehicle came to rest at or near the point of impact.
Armogene Frank testified to the effect that he stopped at a point about 30 steps from the intersection to talk with two of his church members and this testimony was substantiated by two witnesses. According to the defendant he then proceeded to the intersection, stopped, looked both ways at the stop signs and entered the intersection. When he was about half way across he saw the Guillory car come around the curve to the north of him which was approximately a block away, traveling south at a high rate of speed and he, therefore, tried to speed up to clear the highway and was through the intersection and off the concrete slab when he was hit.
It is established that the Guillory car pulled to its right after the application of the brakes in an effort to avoid the collision, however, the right front fender of the Frank car came into contact with the left front fender of the Guillory car, causing the two cars to crash into each other lengthways.
The learned judge of the lower court in a written opinion concluded that Frank failed to bring his automobile to a stop at the stop sign before entering the highway right of way 26, upon which the plaintiff was traveling, and turned into the intersection in front of the plaintiff and that the latter could not be held liable under the doctrine of last clear chance, for upon observing the danger or discovering the peril he immediately applied his brakes and swerved to his right. The trial court cited as authority for his conclusion the following cases: Dowden v. Houston Fire & Cas. Ins. Co., Inc., La.App., 81 So.2d 103; Breland v. Forbes, La.App., 81 So.2d 441; Robbins v. Mydland, La.App., 81 So.2d 561; Gautreaux v. Southern Farm Bureau Cas. Co., La.App., 83 So.2d 667; Bahry v. Folse, La.App., 83 So.2d 912, 913; Folse v. Bahry, La.App., 83 So.2d 914. Counsel for Frank relies upon the following authorities, viz.: Gauthier v. Fogleman, La.App., 50 So.2d 321; Booth v. Columbia Cas. Co., 227 La. 932, 80 So.2d 869; Thomas v. Checker Cab Co., 229 La. 1079, 87 So.2d 605; Miller v. Abshire, La.App., 68 So.2d 143; Blashfield, Section 991.
However, we are of the opinion that the cases cited by defendant are not controlling under the facts of this case. Counsel for Frank contends that he had preempted this intersection. This contention is fully answered by the jurisprudence in such cases. In Bahry v. Folse, 83 So.2d 913, we reaffirmed and restated the law as follows:
"* * * But pre-emption requires not only the first entrance into the intersection, but that such intersection be entered with the reasonable opportunity and expectation of clearing same without obstruction to the crossing thereof by other vehicles, see Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 70 So.2d 235; `The right of pre-emption is not accorded the driver who blindly enters a favored street, without regard to oncoming traffic, and then attempts to absolve himself of liability because of the mere fact that he was there first', *200 Sonnier v. United States Fidelity & Guaranty Co., La.App. 1 Cir., 79 So.2d 635, at page 638."
Applying the rule to the facts of this case we feel as did the trial judge that although Frank stopped and conversed some distance back from the intersection prior to entering he did not really stop and look for he would most assuredly have seen the Guillory automobile approaching the intersection and at such a distance that he could not enter with an expectation of clearing same without expecting the crossing thereof by the Guillory car. The most that can be said for Frank is that he was there first, but by a split second. Neither do we put much credence in his testimony that when about the middle of the intersection he observed the Guillory car turning the right angle curve some ¾ to a block away. Counsel for Frank makes the further contention that on the basis of the length of the skid marks made by the Guillory car the latter was traveling at a speed of 50 miles per hour. He cites Blashfield's table, Vol. 9, Sec. 6237, Pg. 706 for his authority. An examination of this table would indicate that if the skid marks were 96 feet long, the automobile in question was traveling approximately 45 miles per hour which was the speed limit on the highway in the vicinity of the collision.
In addition to the authorities relied upon by the lower court, we very recently in the case of Commercial Credit Co. v. Serpas, La.App., 94 So.2d 83, restated the law with regard to an intersectional collision in which two vehicles approached or entered an intersection at approximately the same time to be that the vehicle on the favored street has the right of way and liability rests upon the other vehicle on the unfavored street unless the vehicle upon the favored street saw or should have seen the other vehicle entering the intersection with no intention of stopping in time to stop and avoid the collision. In other words, unless the vehicle on the favored street is liable under the doctrine of last clear chance liability still rests upon the vehicle negligently entering from the unfavored street.
In the present case Guillory was traveling on the highway and enjoyed the right of way and had a right to assume that those entering from an unfavored street would observe the law. This Frank failed to do and his sudden entrance into the intersection at a time when the Guillory vehicle was too close for its driver to avoid the collision renders Frank liable.
For the above and foregoing reasons the judgment of the District Court is affirmed.